## C. L. BRUCE v. STATE.

No. A-7060. Opinion Filed Feb. 15, 1930.
(287 Pac. 809.)

H. C. Hargis, F. O. Yarbrough, and L. A. Justus, Jr., for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Kay county, Okla, on a charge of driving an automobile on the public highway while intoxicated, and   sentenced to one year in the state penitentiary.   Record was perfected, and case appealed to this court by case-made, with petition in error attached.

The testimony in this case tends to show that E. J. Faylor was driving from Webb City, Okla., to Ponca City, to visit his wife who was in a hospital; defendant was driving in an opposite direction, and witness Faylor says he was driving at a rate of twenty or twenty-five miles an hour, and looked up and saw a Chrysler car coming; the car was right at him.  "I had plenty of time to drive out into the cornfield but I could not get over the bank; I drove to the extreme side of the road and threw on the brakes and stopped and braced myself in the car;   the Chrysler hit me head on just as straight as he could hit me; I did not know the defendant at the time but they told me it was C. L. Bruce; the defendant on trial is the one who was driving the car that struck my car."  The testimony further shows, on the part of the state,   that the defendant, Bruce, was under the influence of intoxicating liquor at the time of this collision, that he had a half-gallon jar of whisky in his car, and that he was driv-

ing his car at a high rate of speed on the wrong side of the road.

The defendant, testifying in his own behalf, denied he was drinking, but admitted that he had a half-gallon jar of whisky in his car; that he came over from Pawhuska the night before, and stayed all night at a rooming house in Ponca City; that he had a lady with him who stayed with the proprietress of the rooming house that night, the defendant occupying a room by himself. The defendant further testified that at the time of the collision his car was probably on the wrong side of the road because the witness Faylor, who testified for the state, and who was coming in the opposite direction, was on the wrong side of the road, and, in order to avoid a collision with Faylor, he drove to the left side of the road. The defendant stated that, when he turned to the left side of the road, Faylor turned to the left side.

Several other witnesses testify as to the appearance of the defendant, and as to defendant being under the influence of liquor at the time of the collision. This is in substance the testimony.

The defendant has assigned nine separate errors alleged to have been committed by the trial court. We will take up the errors as discussed by the defendant. The fourth and fifth errors assigned will be considered together, as they relate to the question of the information and the sufficiency of the evidence to support the judgment. The charging part of the information in this case is as follows:

"That on or about the 27th day of August, A. D. 1927, in said county of Kay, and state of Oklahoma, one C. L. Bruce, then and there being, did then and there unlawfully, wrongfully, knowingly and feloniously drive, oper-

ate and propel an automobile motor vehicle, upon and along the public highway leading west out of Kaw City, Kay county, Oklahoma, to Ponca City, Kay county, Oklahoma, more definitely described, about three miles west of Kaw City, on said highway, while he the said C. L. Bruce was then and there under the influence of intoxicating liquor."

It is first urged by the defendant that the court erred in overruling his demurrer to the information, and the defendant has argued at length that the allegations in the information are insufficient to advise a person of common understanding to properly prepare for his defense, or of understanding the nature or character of the charge against him, as he was entitled to have the facts stated, and the defendant insists there is not sufficient information conveyed to him by the following language: "Under the influence of intoxicating liquor."

This identical question was before this court in the case of Welch v. State, 43 Okla. Cr. 47, 277 Pac. 280. In the second paragraph of the syllabus this court said:

"The term 'under the influence of intoxicating liquor,' as used in section 3, chap. 16, Session Laws 1923, is a term of common use, and requires no definition or explanation to be understood by persons of ordinary intelligence, and it is not error for a court in defining the offense of driving an automobile while under the influence of intoxicating liquor to fail to define or explain such term."

We think the information sufficient to apprise the defendant that the charge against him was driving an automobile while under the influence of intoxicating liquor. It is not necessary for the court to define or explain what is meant by intoxicating liquor. The term "intoxicating liquor" is a general term, and any one of ordinary intelligence should understand what it means;

therefore the court did not err in overruling the demurrer to the information.

The defendant next contends that the court erred in refusing to give requested instructions Nos. 1 and 2. An examination of the record, and a careful reading of the instructions requested, show they did not correctly state the law applicable to the facts in this case, and the action of the court in refusing to give the instructions requested was not prejudicial to the rights of the defendant.

It is further urged by the defendant that the judgment should be reversed on the grounds of the insufficiency of the evidence. It is true the evidence in this case is conflicting; witnesses for the state testifying, in substance, that the defendant was under the influence of intoxicating liquor on the afternoon when he collided with the car driven by one of the state's witnesses. The defendant and the woman that was with him testified that the defendant was not under the influence of intoxicating liquor, but the defendant admits he had in his car a quantity of whisky, and undertakes to justify his actions by the fact that the state's witness E. J. Faylor was driving on the wrong side of the road, and he sought to avoid a collision with him by turning to the left side of the road, and defendant says he was taking the whisky he had in his car to Pawhuska for the benefit of several of his friends. The record shows the defendant admitted he had been fined several times for being intoxicated in public places. There is considerable conflict in the evidence on the question of whether or not the defendant was under the influence of intoxicating liquor at the time of the collision.

The court in its instructions correctly advised the jury as to the law applicable to the facts in the case. It was within the province of the jury to determine the weight of

the evidence and the credibility of the witnesses testifying and to harmonize the testimony, if possible, and to say by its verdict whether or not the defendant was guilty. This court will not substitute its judgment for that of the jury on the question of the weight of the evidence, where there is any competent evidence to go to the jury, even though the evidence is conflicting.

There is sufficient evidence to sustain the verdict. There are other errors assigned, but, after a careful consideration of the record, we fail to find any error sufficiently prejudicial to the rights of the defendant to justify a reversal. The defendant was accorded a fair and impartial trial. The court correctly advised the jury as to the law. Finding no errors in the record of sufficient merit to warrant a reversal, the judgment is affirmed.

CHAPPELL, J., concurs. EDWARDS, P. J., not participating.