## KARL FEIGE v. STATE.

No. A-1929. Opinion Filed September 9, 1914.

(142 Pac. 1044.)

1. **PHYSICIANS AND SURGEONS** — Arrest of Judgment — **Sufficiency of Information.** (a) An information which fails to state a public offense under the statute is subject to attack by a motion in arrest of judgment, and, when this issue is properly raised by such motion, the judgment should be arrested by the trial court, and the proceedings set aside, and the county attorney directed to file a proper information.

(b) For an information which fails to state an offense under the medical practices act, see opinion.

2. **SAME**—Practicing Without Authority—Information. (a) Under section 6910, Rev. Laws 1910, a person who, without a license, prescribes or administers any drug or medicine included in materia medica for the treatment of diseases, injuries, or deformities of human beings is subject to prosecution.

(b)   Under this section, one who is not licensed to practice medicine as provided by law can be prosecuted for publicly professing himself to be a physician and prescribing for the sick. The information, however, should be direct and certain as to which of these provisions the state is prosecuting under.

(Syllabus by the Court.)

Appeal from County Court, Oklahoma County;
John W. Hayson, Judge.

Karl Feige was convicted of practicing medicine without lawful authority, and appeals.   Reversed.

Giddings & Giddings, for plaintiff in error.

C. J. Davenport, Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   The plaintiff in error, Karl Feige, was tried and convicted at the September, 1912, term of the county court of Oklahoma county on a charge of practicing medicine without having first procured a proper certificate as provided by law, and his punishment fixed at a fine of $225.

The only question worthy of consideration in this case is the assignment based upon the contention that the court erred in overruling the motion in arrest of judgment.   The motion in arrest was founded upon the contention that the information upon which the prosecution is based does not state facts sufficient to constitute an offense against the laws of Oklahoma. Section 6910, Rev. Laws, among other things, provides:

"The following persons shall be deemed as practicing medicine and surgery within the meaning of this article:   First. Those who prescribe or administer any drug or medicine now or hereafter included in materia medica in the treatment of disease, injury or deformity of human beings, or who profess publicly to be physicians and to prescribe for the sick."

The information in this case, omitting its formal parts, is as follows:

"* * * That the above-named Karl Feige did, in Oklahoma county, and in the state of Oklahoma, on the 28th day of May, in the year of A. D. 1912, commit the crime of practicing medicine without a license in manner and form as follows:   That he (the said Karl Feige) did then and there unlawfully, wrongfully, and willfully practice medicine without first having obtained from the state board of medical exami-

ners a certificate as provided by law, entitling him (the said Karl Feige) to practice medicine within the state of Oklahoma, in this, to wit: That he (the said Karl Feige) did then and there unlawfully and willfully prescribe for, furnish medicine to, and treat one Cornelius A. Prohl, for compensation, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

Section 5739, Rev. Laws, provides:

"The indictment or information must be direct and certain as it regards: First. The party charged. Second. The offense charged. Third. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

The information on its face is wholly insufficient. It should have charged, among other things, the administration of some drug included in *materia medica* in the treatment of diseases, etc., or that the accused publicly professed to be a physician and prescribed for the sick.

This prosecution is meritorious, but we cannot overlook a fundamental right. The trial court should have arrested the judgment and directed the prosecuting attorney to file a proper information. Having refused to do so, it becomes the duty of this court to reverse the judgment, and remand the cause, with directions to cause a proper information to be filed and the trial proceeded with as provided by law.

Reversed and remanded.

DOYLE, J., concurs. FURMAN, J., absent and not participating.