## JIMMIE MARTIN v. STATE.

No. A-5884.   Opinion Filed Nov. 13, 1926.
(250 Pac. 552.)

S. B. Garrett, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Jackson county on a charge of stealing an automobile, and he was sentenced to serve a term of five years in the state penitentiary.

The record discloses that in the latter part of March, 1925, the defendant left his home, in Garvin county, and with one Zack Short went to Vernon, Tex., where he stayed for a few days and then went with Short to Altus, Jackson county. He was without money and unable to procure employment and at Vernon, and also at Altus, stayed with Short, who furnished him. On April 6, a Ford car belonging to J. A. Tucker was stolen from the street at Altus, and the next, or the second, day it was discovered near the home of an uncle of defendant in Garvin county. The batteries had been removed from the car, and they were found at the home of the uncle. Defendant was arrested and returned to Jackson county. On the road and after his return there, he made statements amounting practically to admissions of the larceny of the car. At the trial, defendant testified in his own behalf and stated that he had ridden from Altus to Pauls Valley in a Ford car on the day of the larceny, but that he rode with a stranger on his invitation and did not know the car in which he traveled was stolen. He admitted that, in returning with the officers to Jackson county, he told them where they had stopped as they left Altus and pulled off the tags placed on the car by the insurance company, but said he made the statement because one of the officers told him, if he would tell, that he would turn him loose. In explanation of his statement that he drove the car out near his uncle's where it was found, he testified he did so on the request of one of the officers that, if he would make such an admission, he would turn him loose. The circumstances surrounding the larceny of the car, its being found as it was, and the statements of defendant are sufficient proof of the larceny by defendant. His explanations are highly unreasonable.

Upon calling the case for trial, defendant applied

for a continuance based on the absence of witnesses, setting out that subpoenas had been issued for Brit Jayne, who resided in Jackson county, who would testify that he knew the defendant and saw him at Altus on the day the car was stolen and heard defendant say that he was going to ride from Altus to Pauls Valley with some man, and that, while talking with him, a man came along in a Ford car and defendant got into the car with him and then drove away; that on May 15 subpoena was issued for Jayne for his attendance on May 27, and placed in the hands of the sheriff, which subpoena was not served for the reason that Jayne was temporarily absent from the county. Defendant further said that one Cecil Plumlee was standing near and heard part of the conversation. The state contested the application by an affidavit from the deputy sheriff stating that he had received subpoena for Hugh Underwood, Cecil Plumlee, and Brit Jayne, as witnesses for defendant, and upon inquiry he learned Hugh Underwood had left Altus some three years before and had not been heard from since; that he was not able to find any person who knew Plumlee or knew where he was, and, to the best of his belief, that he was not a resident of Jackson county; that he served Jayne by leaving a subpoena at his place of residence with his brother who stated that Jayne was away from home, but would return by the Monday preceding the trial. No attachment for the witness was asked. The application further sets out the absence of some witnesses in Garvin county, but it is shown that when the subpoenas were issued on praecipe filed May 19, they were sent to the district judge to be indorsed with an order requiring attendance; that the district judge was then holding a term of court in Seminole county and the subpoenas were indorsed and forwarded for service to Garvin county,

but did not reach there until the day of trial. Defendant at the time was at liberty on bail. One of the persons referred to who resided in Garvin county was seen the day preceding the trial in the city of Altus, where the trial was held. There was sufficient diligence to obtain the attendance of Jayne, and his absence at the trial is not explained. We do not understand why an attachment for this witness was not asked for. We think there was not sufficient diligence in procuring the witnesses in Garvin county. Nor do we think that, if present, their evidence would have changed the result of the trial. The granting or refusing a continuance in a criminal case is largely a matter within the discretion of the trial court, and, unless an abuse of such discretion is shown, this court ordinarily will not reverse a judgment for the overruling of an application for continuance. It is the duty of a defendant, in making preparation for his trial, to procure subpoenas in time, and, where an order for the attendance of a witness outside of the county of his residence is required, to see that the order for attendance is made and indorsed on the subpoena in time for it to reach the county of the witness' residence sufficiently long before the trial to enable the witness to be served in time to attend; if his attendance cannot be had, that his deposition may be taken. There was no error in the overruling of the motion for a continuance.

It is next insisted that the information is fatally defective. The information charges, in substance, that defendant "did take, steal, and carry away one Ford touring car, engine number 10582576, license number 106F316, the personal property, etc." The argument is that the description of the property stolen is not sufficient; that section 2120, Comp. Stat. 1921, under which the prosecution is had, designates the offense

as the stealing of an "automobile, or automotive vehicle"; and that the information does not sufficiently describe the property to bring the offense sought to be charged within the terms of the statute. That is, that to charge the stealing of a Ford touring car is not a charge of stealing an automobile or automotive vehicle. It is not necessary that the exact language of the statute be used in charging an offense, but words of similar import may be used. Certainly, in the vernacular, the description of property as a Ford touring car, describing it by engine number and license number, is sufficiently definite that a person of common understanding would know what is intended. Section 2563, Comp. Stat. 1921 (sixth subdivision); Kolar v. State, 29 Okla. Cr. 76, 232 P. 449; Bard v. State, 23 Okla. Cr. 309, 214 P. 939.

No demurrer was lodged against the information and it was first challenged by objection to the introduction of testimony; in such case, every intendment and presumption is indulged in in favor of the information. It sufficiently charges the offense, and there was no error in overruling the objection to the introduction of evidence.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.