## KATHERINE COLE MORRISON v. STATE.

No. A-5886. Opinion Filed Nov. 20, 1926.
(250 Pac. 543.)

B. C. Trice and Walter L. Gray, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J., The plaintiff in error was convicted in the district court of Osage county on a charge of driving an automobile while intoxicated, was sentenced to pay a fine of $250, and to be imprisoned in the state penitentiary for a term of one year.

The record discloses a state of facts about as follows: On March 25, 1925, defendant drove an automobile along the streets of Pawhuska, collided with a Ford car, but did not stop, and a short distance farther ran over, and severely injured, a small boy on a bicycle, drove several blocks, finally stopped her car, and was apprehended. The evidence is that in driving the movement of the car was erratic, and several times she got off the road. When the officers and others arrived where she had stopped they smelled whisky. Defendant appeared to be intoxicated, laughed, talked, and staggered. One witness testified she could hardly stand. Defendant denied that she was intoxicated, and stated that she did not know she ran into the Ford, and that she did not see the boy, and did not run over him. .

It is first contended that the statute (chapter 16, Session Laws 1923) under which the prosecution was had is unconstitutional, as in violation of section 57, art. 5, of the Constitution. This contention has been considered at some length in the case of Simpkins v. State, 35 Okla. Cr. 143, 249 P. 168, No. A-5883. just decided by this court adversely to the contention of the defendant.

Complaint is next made that the information is insufficient to charge a public offense. No demurrer was filed to the information and no objection to the introduction of evidence interposed, but, after verdict, motion in arrest of judgment on account of insufficiency of the information was filed. It is generally held that, where a defendant goes to trial without demurring to an information, and first questions its sufficiency by objection to the introduction of evidence, every intendment and presumption will be indulged in to sustain the information. Where no demurrer is filed nor objection made, and an information is first challenged by a motion in arrest of judgment, the same rule obtains. The motion should be overruled, unless there is some fatal defect which is not waived by failure to demur or object. Section 2756, Comp. Stat. 1921; 8 R. C. L. 228; Feige v. State, 11 Okla. Cr. 49, 142 P. 1044. The information in this case sufficiently charged the offense defined, and there is no merit in the contention.

It is next argued that the court erred in overruling the application for continuance. At the time the case came to trial, defendant filed an application for a continuance on the ground of illness. The court made an examination, and took evidence of physicians and others as to the ability of the defendant to be present and participate in the trial, and we believe the court was

fully warranted in overruling the application. The defendant was brought into the court on a stretcher, and remained there during the trial. We have examined with care the record upon this point, and find no abuse of discretion in the action of the trial court. We think the court was warranted under the showing made in requiring the defendant to proceed to trial. 16 C. J. 457, § 828; State v. Rogers, 43 P. 256, 56 Kan. 362.

Other contentions are made, all of which have had consideration, and none of which require any special discussion. None present any error requiring a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.