## JOHN GAULT v. STATE.

No. A-6431.   Opinion Filed Feb. 16, 1929.
(274 Pac. 687.)

90

James H. Mathers, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Dewey county on a charge of driving an automobile while intoxicated and his punishment fixed at a term of one year in the state penitentiary.

The evidence for the state is that, on the date charged, defendant was intoxicated and drove a Star touring car about the streets of the town of Leedy at a dangerous speed. A deputy sheriff testified that he drove along the main street of the town at a speed of between 40 and 50 miles per hour, and, when he tried to stop him, defendant attempted to run him down with the car. Defendant denied that he was intoxicated, although he testified he had taken a drink or two in the morning. An examination of the record convinces us that the jury was fully warranted in its verdict finding defendant guilty.

It is first argued that the information is insufficient. It charges defendant with driving a car while "drunk." The statute under which defendant is prosecuted, section 3, Senate Bill No. 26 (chapter 16), Laws of 1923, provides that it is unlawful for any person "under the influence of intoxicating liquor" to drive a motor vehicle on the highways of the state. Defendant contends that the word "drunk" is not equivalent to the words "under the influence of intoxicating liquor."

Section 2561, Comp. Stat. 1921, is: "The words used

in an indictment or information must be construed in their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

Among other definitions, Webster defines the word "drunk" as follows: "1. Intoxicated with or as with strong drink; under the influence of an intoxicant, esp. an alcoholic liquor, so that the use of the faculties is materially impaired; inebriated; drunken."

In the case of State v. Pierce, 65 Iowa, 85, 21 N. W. 195, it is said a person is drunk in a legal sense when so far under the influence of liquor that his passions are visibly excited or his judgment impaired by the liquor. See, alson, Elkin v. Buschner (Pa.) 16 A. 102; Sapp v. State, 116 Ga. 182, 42 S. E. 410.

This court has often said that words used in a statute to define a public offense need not be strictly pursued in an information, but words of similar import may be used. Martin v. State, 35 Okla. Cr. 248, 250 P. 552. The information alleges the offense with sufficient particularity to enable defendant to prepare his defense and to defend himself in case he should be again informed against for the same transaction.

It is argued at some length that the judgment is excessive; that, since no one was injured, a sentence of one year in the penitentiary is too severe. It is true no one was injured nor any property damaged in the commission of the offense charged, but it was almost miraculous that no one was injured by the manner in which defendant drove along the streets of the town of Leedy. Some protection must be given to those lawfully using the public highways against the driver who becomes intoxicated and recklessly speeds about endangering others. It would be bttter in many cases if salutary punishment could be meted out to those abusing the privilege of driving on

the public highway before some innocent person is injured. Justice does not require that we modify the judgment and sentence imposed.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.