## CLINT WELCH v. STATE.

No. A-6623.    Opinion Filed May 11, 1929.
(277 Pac. 280.)

48

Wm. T. Powell, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Cotton county on a charge of driving an automobile while under the influence of intoxicating liquor and his punishment fixed at a term of eight months in the State Penitentiary.

The contention is first made that the evidence is not sufficient to prove the crime charged, in that it fails to show that defendant was intoxicated to that degree that he did not have possession of all his faculties. The testimony clearly shows that at the time charged defendant was at the town of Temple in a more or less intoxicated condition. It also indicates that, while driving the car as charged, he attempted to run down Graham, the city marshal. On cross-examination defendant testified:

"* * * Q. How many drinks had you had, Clint? A. I don't know about that. I didn't count them. Three or four drinks.

"Q. You were feeling pretty good? A. Yes, sir.

"Q. About three sheets in the wind? A. I don't know how high that is.

"Q. Where did you get that whiskey, Clint? A. It was homebrew. * * *"

Defendant was convicted of the offense defined by section 3, chap. 16,, Session Laws 1923, which is:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, * * * to operate or drive a motor vehicle on any highway within this state, * * * and any person violating the provisions of this section shall be deemed guilty of a felony and shall be punished by imprisonment in the penitentiary not more than one year, or by fine of not more than $2,000, or by both imprisonment and fine."

As will be seen, this statute does not state the extent to which one must be under the influence of intoxicating liquor in order to constitute the offense, but the evidence of the state, coupled with the admission of defendant that he had three or four drinks and was feeling the effect of such drinking, brings him clearly within the statute.

It is next argued that the cause should be reversed for the reason that the court did not define the term, "under the influence of intoxicating liquor." Counsel requested the court to define the term, but submitted no instruction. Where a statute uses words or terms having a definite or technical meaning under the law, they should be defined or explained in the instructions, but it is generally said it is not error to fail to give such definition or explanation in the absence of a request. 16 C. J., page 1056, § 2498, note 24. Where a word or term used in a statute and not defined by the statute is in common use, and as such can be understood by a person of ordinary intelligence, it is not necessary for the court to define or explain it. The term "under the influence of intoxicating liquor" is probably as well understood by the jury as any definition of it would have been. But, in any event, if counsel for defendant desired that the court define the term, it was their duty to prepare and present to the court a request for an instruction. If they failed to do this, and the instructions as a whole fairly state the law applicable, the error, if any, in failing to more particularly

define will be deemed waived. Section 2687, subd. 5, Comp. Stat. 1921; Fitzsimmons v. State, 14 Okla. Cr. 80, 166 Pac. 453; Merriott v. State, 18 Okla. Cr. 247, 194 Pac. 263.

Lastly it is complained that the court erred in receiving the verdict of the jury with the finding that they could not agree on the punishment without requiring them to deliberate longer in order that the jury might fix the punishment. A defendant has a right to have the jury fix the punishment where they can agree. Sections 2750, 2751, Comp. Stat. 1921. It appears here that the jury deliberated but a short time until they returned with their verdict. It does not appear, however, that at the time the verdict was received defendant made any objection or requested the court to require the jury to longer deliberate with a view to assessing the punishment. When this is not done, the presumption is that defendant is satisfied with the form of the verdict. The first objection made is in the motion for a new trial. See Bayless v. State, 9 Okla. Cr. 27, 130 Pac. 520. Under this assignment it is further earnestly urged that the punishment of eight months in the penitentiary for driving while under the influence of liquor is excessive, where there has been no collision nor any one injured by such unlawful driving. This court recently affirmed a sentence of one year under such circumstances. In the case of Gault v. State, 42 Okla. Cr. 89, 274 Pac. 687, it was said:

"* * * It is true no one was injured nor any property damaged in the commission of the offense charged, but it was almost miraculous that no one was injured by the manner in which defendant drove along the streets of the town of Leedy. Some protection must be given to those lawfully using the public highways against the driver who becomes intoxicated and recklessly speeds about endangering others. * * *"

Upon a consideration of the entire case, no substantial error is made to appear, and there is no reason why this court should disturb the judgment.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.