## VIRG SUDDERTH v. STATE.

No. A-6908.  Opinion Filed Nov. 23, 1929.
(282 Pac. 1109.)

Tom W. Cheatwood, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, Virg Sudderth, hereinafter called defendant, was convicted in the district court of Cleveland county of the crime of driving an automobile on a public highway while under the influence of intoxicating liquor and punishment fixed at a fine of $100. No contention is made that the evidence is insufficient; therefore it is unnecessary to state the facts.

The charging part of the information is as follows:

"* * * That on the 13th day of August, A. D. 1927, and anterior to the presentment hereof, in Cleveland County, State of Oklahoma, Virg Sudderth late of said County and within the jurisdiction of this Court, did unlawfully, willfully and feloniously run, drive, operate and propel a motor vehicle, to wit; a Ford automobile at, in and upon the public highway, to wit; a street in the west part of the town of Lexington, Oklahoma while he, the said Virg Sudderth, was then and there being under the influence of intoxicants. * * *"

The demurrer of the defendant to this information was overruled by the court. Before judgment was pronounced, the defendant questioned the sufficiency of the information by motion in arrest of judgment. The defendant assigns the overruling of the demurrer to the information as his first ground of error.

This prosecution is based on section 3, chapter 16, Session Laws 1923, and reads as follows:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, or who is a habitual user of narcotic drugs, and the having on or about one's person or in said vehicle of said intoxicating liquor is prima facie evidence of a violation of this act, to operate or drive a motor vehicle on any highway within this state, as defined in section 1, of this act, and any person violating the provisions of this section shall be deemed guilty of a felony and shall be punished by imprisonment in the

penitentiary not more than one year, or by a fine of not more than two thousand ($2,000.00) dollars, or by both imprisonment and fine."

It will be noted that the information charges that the defendant drove the automobile on the public highway while under the influence of "intoxicants," while the statute says under the influence of "intoxicating liquors." Counsel for defendant argues that "intoxicants" and "intoxicating liquors" are not equivalent terms, and the use of the word "intoxicants" instead of "intoxicating liquors" does not sufficiently inform the defendant of the charge against him. True, intoxicants might have a broader meaning than intoxicating liquors. It might include certain narcotic drugs that would produce intoxication, but that is not the ordinary sense in which the term "intoxicants" is now generally used. If one is spoken of as intoxicated, it will immediately be understood that such a one is under the influence of intoxicating liquors and not doped as is commonly used of narcotics. Ordinarily opium or morphine are not spoken of as an intoxicant, but as a narcotic, and Legislature has so recognized the distinction and classified them as different. Sections 8886, 8887, 8888, C. O. S. 1921.

Section 2561, C. O. S. 1921, provides:

"The words used in an indictment or information must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning."

Section 2562, C. O. S. 1921, provides:

"Words used in a statute to define a public offense need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used."

The words used in an indictment (unless otherwise defined by law) are to be construed in their usually accepted sense. "Intoxicants," therefore is equivalent to "intoxicating liquors." In its usual signification the term does not include "drugs." Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552; Gault v. State, 42 Okla. Cr. 89, 274 Pac. 687.

Defendant next complains that the court erred in refusing to give a requested instruction defining "under the influence of intoxicating liquor."

In the case of Welch v. State, 43 Okla. Cr. 147, 277 Pac. 280, in paragraph 2 of the syllabus this court said:

"The term 'under the influence of intoxicating liquor,' as used in section 3, chap. 16, Session Laws 1923, is a term of common use, and requires no definition or explanation to be understood by persons of ordinary intelligence, and it is not error for a court in defining the offense of driving an automobile while under the influence of intoxicating liquor to fail to define or explain such term."

The expression under the influence of intoxicants or intoxicating liquor is one readily understood by the ordinary juror. It is not a technical term having a legal meaning, and to attempt to define it would probably lead to more confusion than to leave it alone.

The evidence being sufficient to sustain the verdict of the jury and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.