## ODA BROWN v. STATE.

No. A-7377.  Opinion Filed June 28, 1930.
Rehearing Denied Aug. 23, 1930.
(290 Pac. 416.)

George W. Miller, for plaintiff in error.

The Attorney General, and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county on a charge of driving a car while intoxicated, and his punishment fixed at imprisonment for eight months and 10 days in the state penitentiary.

The evidence of the state was that the defendant, accompanied by an Indian woman named Martha Eschelman, was driving in an automobile on the public highway near the Ponca Indian Agency; that defendant and the woman were both intoxicated and that the car was wobbling from one side of the road to the other; that the woman was a Ponca Indian woman, and Mr. Snyder, the superintendent, accompanied by Mr. Little, pursued the car for about two miles and finally forced defendant to stop by locking his fender to the running board of defendant's car.  Four witnesses for the state testified that defendant was drunk at the time he was driving his car

upon the public highway. Defendant defended on the ground that he had not been drinking, but that the car was old and the steering wheel was loose, which caused his car to wobble.

Defendant first contends that the evidence is insufficient to support the verdict of the jury. All the state's witnesses testified that he was drunk, one of them testifying that he smelled liquor on defendant's breath. This evidence was sufficient to justify the jury in finding that defendant was intoxicated while driving a car.

Defendant next contends that the punishment is excessive. The jury fixed his punishment at imprisonment in the penitentiary for eight months and 10 days. They might have fixed his punishment at one year in the penitentiary and a fine of $2,000. This is just the ordinary case of a drunken man driving an automobile on the public highway and thereby endangering the lives of himself, those in the car with him, and the lives of other persons using the highway. When all the facts and circumstances in the case are considered, the punishment is not excessive.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.