## JOHN DOOLIN v. STATE.

No. A-9627.  March 7, 1940.

(101 P. 2d 271.)

J. M. Springer and John F. Vaughan, both of Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and L. J. York, Co. Atty., and D. P. Hervey, Asst. Co. Atty., both of Stillwater, for the State.

BAREFOOT, J.   The defendant was charged in Payne county with the crime of driving an automobile while under the influence of intoxicating liquor; was tried, convicted and sentenced to pay a fine of $50 and court costs, and has appealed.

The information in this case was based upon Oklahoma Statutes 1931, section 10324, 47 Okla. St. Ann. § 93, which is as follows:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, or who is a habitual user of narcotic drugs, and the having on or about one's

person or in said vehicle of said intoxicating liquor is prima facie evidence of a violation of this act, to operate or drive a motor vehicle on any highway within this state, as defined in section 1 of this act, and any person violating the provisions of this section shall be deemed guilty of a felony and shall be punished by imprisonment in the penitentiary not more than one year, or by fine of not more than two thousand ($2,000.00) dollars, or by both imprisonment and fine."

The information charged: "* * * one John Doolin then and there being, did then and there willfully drive, operate and propel a motor vehicle, * * * upon and over the public highway * * *." A demurrer was filed to the information, first, that it failed to state facts charging defendant with the commission of a public offense; and, second, that it is vague, indefinite, and uncertain and does not apprise defendant of the exact charge attempted to be laid against him.

It is contended the court erred in overruling the demurrer for the reason that the information does not use the word "feloniously." That by reason of the fact that the punishment which may be inflicted by the above statute may be a penitentiary sentence, a violation of the same constitutes a felony, and it is therefore necessary to use the word "feloniously" in the charging part of the information. Counsel in his brief says: "We confess that we have been unable to find a precedent squarely in point on the question here presented." We believe that the question has been answered in the case of Bannon & Mulkey v. United States, 156 U. S. 464, 15 S. Ct. 467, 468, 39 L. Ed. 494. The Supreme Court of the United States, after referring to and citing the case of United States v. Staats, 8 How. 41, 12 L. Ed. 979, says:

"In the opinion it was admitted that, in cases of felonies at common law, and some also by statute, the

felonious intent was deemed an essential ingredient, and the indictment would be defective, even after verdict, unless such intent was averred; but it was held that, under the statute in question, the felonious intent was no part of the description, as the offense was complete without it, and that the felony was only a conclusion of law, from the acts done with the intent described, and hence was not necessary to be charged in the indictment. Where the offense is created by statute, and the statute does not use the word 'feloniously,' there is a difference of opinion among state courts whether the word must be put into the indictment. 1 Bish. Cr. Proc. § 535. But, under the decision in the Staats Case, we are clearly of the opinion that it need not be done.

"Neither does it necessarily follow that, because the punishment affixed to an offense is infamous, the offense itself is thereby raised to the grade of felony. The word 'felony' was used at common law to denote offenses which occasioned a forfeiture of the lands or goods of the offender, to which capital or other punishment might be superadded, according to the degree of guilt. 4 Bl. Comm. 94, 95; 1 Russ. Crimes, 42. Certainly there is no intimation to the contrary in Mackin's Case [Mackin v. United States, 117 U. S. 348, 6 S. Ct. 777, 29 L. Ed. 909], which was put wholly upon the ground that, at the present day, imprisonment in a state prison or penitentiary, with or without hard labor, is considered an infamous punishment. If such imprisonment were made the sole test of felonies, it would necessarily follow that a great many offenses of minor importance, such as selling distilled liquors without payment of the special tax, and other analogous offenses under the internal and customs revenue laws, would be treated as felonies, and the persons guilty of such offenses stigmatized as felons. The Cases of Ex parte Wilson (114 U. S. 417, 5 S. Ct. 935 [29 L. Ed. 89]) and Mackin [v. United States] (117 U. S. 348, 6 S. Ct. 777, [29 L. Ed. 909]) prescribed no new definition for the word 'felony,' but secured persons accused of offenses punishable by imprisonment in the penitentiary against prosecution by information, and without a preliminary investigation of

their cases by a grand jury. By statute in some of the states, the word 'felony' is defined to mean offenses for which the offender, on conviction, may be punished by death or imprisonment in the state prison or penitentiary; but, in the absence of such statute, the word is used to designate such serious offenses as were formerly punishable by death, or by forfeiture of the lands or goods of the offender. Ex parte Wilson, 114 U. S. 417, 423, 5 S. Ct. 935 [29 L. Ed. 89, 91]."

In 31 Corpus Juris 699, sec. 248, it is said:

"In other jurisdictions the averment is required only when the term is used in the statute to describe the crime, or the statute refers to a common-law offense by name only and its use was essential to a proper description of the offense at common law, and it is held that, where a crime is made a felony by statute it is not necessary to charge that it was feloniously committed unless the statute itself makes a felonious intent an element of the offense. * * *"

See also the following cases: State v. Seawood, 123 Ark. 565, 186 S. W. 72; State v. Eldridge, 12 Ark. 608; Territory v. Gonzales, 14 N. M. 31, 89 P. 250; Gregory v. Commonwealth, 187 Ky. 188, 218 S. W. 999.

It certainly could not be contended that the offense of driving an automobile while under the influence of intoxicating liquor was an offense at common law. As stated in defendant's brief, it was "purely statutory." In describing the offense the statute does not use the word "felonious." Under the decisions of this court it is well settled that in indictments or informations for statutory offenses, it is only necessary to use the language of the statute, unless it is apparent that there are elements of the offense not described in that language. This case being based upon a statute which is clearly a statutory offense, there was no error in the court overruling the demurrer

to the information upon the ground that it did not use the word "feloniously."

It is next urged that the evidence was insufficient to sustain the conviction and sentence. The evidence revealed that defendant was a resident of the city of Stillwater. That on Sunday, July 10, 1938, he was at a beer parlor drinking beer. He says he had some four, five or six glasses of beer during the day. He was seen leaving there about 8:30 or 9:00 o'clock by a city officer who told him that he was a little tight, and had better go home. He went across the street to where his car was parked, and the officer went over to him, and told him to "have someone drive it home and you go on home." That a man by the name of Harvey Pangle got in the car, and drove it up the street. That the officer got in a scout car with Officer Graham and they followed the car of defendant. That they did not drive very far until Harvey Pangle got out of the car and turned it over to defendant, who refused to go home. That the city officers started after him, and sounded their siren several times, and defendant not only refused to stop, but ran several stop lines, and proceeded to the county highway, outrunning the city officers, and they were unable to catch up with him. They reported this incident to the highway patrolmen. Two of these officers proceeded north on the highway and saw the car of defendant coming toward them. They turned around and followed defendant, whose car was weaving from side to side in the streets. They finally stopped defendant and took him to the city jail.

Both of these officers testified that he was under the influence of intoxicating liquor, and they smelled liquor on his breath, and that he talked and acted like he was drunk.

Two other officers testified to seeing him after he was arrested, and their evidence was to the same effect.

Defendant and several witnesses testified that defendant was not under the influence of intoxicating liquor. Defendant testified that he knew the officers were after him. That he heard their signal to stop, but wanted to have some fun out of them.

The jury, after hearing this conflicting evidence, decided that defendant was guilty, and assessed a punishment of $50 and costs. Under the circumstances they were very considerate.

The court, in its instructions, defined the term "intoxicating liquors," and properly instructed the jury, protecting the rights of the defendant. No exceptions were taken to the instructions of the court. The requested instruction offered by defendant was fully covered in the instructions given.

Finding no error, the judgment of the district court of Payne county is affirmed.

DOYLE, P. J., and JONES, J., concur.