## LEONARD ARGO v. STATE.

No. A-10955. Nov. 17, 1948.

(200 P. 2d 449.)

H. M. Shirley, of Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. Defendant below, Leonard Argo, appellant herein, was charged, tried, convicted and sentenced to pay a fine of $50 on January 5, 1947, for driving a motor vehicle on the highway in Coal county, Okla., while under the influence of intoxicating liquor. The defendant attacks the sufficiency of the information, contending that it is. defective because it does not describe the automobile being driven with sufficient particularity, the charging part of the information being in words and figures as follows, to-wit:

"That the said Leonard Argo in the County and State aforesaid, on the day and year aforesaid, did, then and

there unlawfully, wilfully, wrongfully, while under the influence of intoxicating liquor, drive, operate and propel an automobile on the public streets of Coalgate, Oklahoma, to-wit: from a point to your informant unknown, to another point in Coal County, State of Oklahoma, to-wit: a point on Main Street in the City of Coalgate, due east of the Palace Drug making a U-turn, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the State."

To this information the defendant demurred, which demurrer was overruled, upon the overruling of which this contention is based. The statute upon which the charge as laid in the information is predicated is section 93, Title 47, O.S.A. 1941, the pertinent portion of which reads as follows, to wit:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, * * * to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act (10322) and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the county jail for a period of time not to exceed one (1) year, or by a fine of not more than Five Hundred ($500.-00) Dollars or by both such fine and imprisonment. * * *"

Title 47, O.S. 1941, § 91 defines motor vehicles in the following language, to wit:

"(1) 'Motor Vehicle' shall mean all vehicles propelled otherwise than by muscular power, except vehicles operating upon stationary rails or tracks."

The foregoing statutes are parts of the same Act, and bear direct relationship one to another, and since an automobile falls within the definition of a motor vehicle as defined in section 91, Title 47, O.S.A. 1941, the information cannot be attacked upon the ground that the vehicle

was described as an automobile and not as a motor vehicle. Moreover, this court has repeatedly held that in charging a public offense it is not necessary that the words in the statute to define the same be strictly pursued in the information and it has been expressly held that words of similar import may be used. Martin v. State, 35 Okla. Cr. 248, 250 P. 552. To the same effect see: Gault v. State, 42 Okla. Cr. 89, 274 P. 687; King v. State, 73 Okla. Cr. 404, 121 P. 2d 1017. In this same connection the defendant contends that the information is defective because it does not sufficiently and accurately describe the automobile by make, tag number or anything by which the automobile might be identified. In this connection, it is pertinent to note that the gist of the offense was driving while intoxicated a motor vehicle upon any highway in the State of Oklahoma. The information clearly charges that the defendant did "drive operate and propel an automobile on the public streets of Coalgate, Oklahoma, to-wit: from a point to your informant unknown to another point in Coal County, State of Oklahoma, to-wit: a point on Main Street in the City of Coalgate, due east of the Palace Drug * * *". Therein the information completely alleged all of the essential elements of the offense. This court has repeatedly held that the gist of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Moreover, an information that informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense, is sufficient. Dunham

v. State, 78 Okla. Cr. 54, 143 P. 2d 834. Furthermore, as to when an information is sufficient, it has been held that an information is sufficient which states the offense clearly and distinctly in ordinary and concise language, without repetition, in such manner as to enable a person of common understanding to know what was intended. Hancock v. State, 80 Okla. Cr. 1, 156 P. 2d 155; Sparks v. State, 72 Okla. Cr. 283, 115 P. 2d 277; Norris v. State, 68 Okla. Cr. 172, 96 P. 2d 540; Simpson v. State, 67 Okla. Cr. 152, 93 P. 2d 541; Harry v. State, 59 Okla. Cr. 302, 58 P. 2d 340; Hulsey v. State, 86 Okla. Cr. 272, 192 P. 2d 301. In a case of this character, where the ownership and title to the automobile is not necessarily involved and since the gist of the offense is driving a motor vehicle on any highway in the State of Oklahoma while under the influence of intoxicating liquor, we are of the opinion that the information alleges all of the essential elements of the statutes herein involved making it an offense to propel or operate a motor vehicle on a highway while under the influence of intoxicating liquor.

The next contention of the defendant is that the court erred in overruling his motion for a continuance on the ground that Walter Singleton and his wife, J. B. Hart and Dale Farley who had been subpœnæd as witnesses on behalf of the defendant, were absent from the county and could not be found. The defendant did not interpose his motion for a continuance until the case was called for trial on July 15, 1947. In the motion he contends that the witnesses, if present, would testify "* * * that they were in the cafe with Leonard Argo in the restaurant just north of the postoffice, and that he had not been in the car which he is alleged to have been driving for more than an hour before he was arrested, and that he was not in

the car or truck at the time of his arrest". In this connection it is pertinent to note that highway patrolmen, Hamilton and Bailey, testified that they saw the defendant driving the motor vehicle at the time alleged in the information on Main street in Coalgate while under the influence of intoxicating liquor. Alfred Morrison testified to the same effect. William E. Larecy testified that he saw the defendant ten or fifteen minutes after he was arrested, and that at that time the defendant was drunk. The evidence of guilt was so conclusive that the defendant did not demur thereto or request a directed verdict; neither did he testify in his own behalf. It appears, therefore, that the testimony of the absent witnesses might have been material had the defendant interposed the defense of alibi, but the record does not disclose such a defense was interposed. Moreover, the record does not disclose any material evidence by way of defense to the charge as alleged in the information, and as established by the state's witnesses. Furthermore, the motion fails to allege that the testimony of the absent witnesses would be material in the trial of the case. Moreover, no showing was made as to the whereabouts of the witnesses or the probability of their availability at the next term of court. Under these conditions we are of the opinion the court was justified in overruling the motion, and his action in so doing did not constitute an abuse of discretion. In Simmons v. State, 68 Okla. Cr. 337, 98 P. 2d 623, this court said:

"The granting or refusing of an application for continuance on account of the absence of a witness is a matter within the judicial discretion of the trial court.

"In reviewing the refusal of an application for continuance on account of absence of a witness, the testimony taken at the trial is considered by this court for the purpose of determining whether the absent testimony

was probably true, as well as whether it was material, if true."

Applying the foregoing rule to the case at bar, and after consideration of the testimony taken at the trial, and its conclusiveness against the defendant, we are of the opinion that the overruling of the motion for continuance was not an abuse of judicial discretion.

Finally, it is contended that the inflammatory remarks of the county attorney covering matters outside the record tended to prejudice the jury. In this connection this court has said, in the case of Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646, 648:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

See, also, Gregg v. State, 69 Okla. Cr. 103, 101 P. 2d. 289; Orrell v. State, 79 Okla. Cr. 300, 154 P. 2d 779. We have carefully examined the argument made by the county attorney as the same appears both in the case-made and in the brief of the defendant in support of his contention. It is sufficient to say that, in our opinion, the same is not inflammatory and does not extend beyond the bounds of propriety when measured by the foregoing rule in relation to argumentation. In arguing the case the county attorney did not exceed the bounds of reasonable inference and deduction arising from the evidence, and the argument was not of such a nature as to injuri-

ously affect the accused's rights, and does not, therefore, constitute error. In view of the foregoing conclusions, the judgment and sentence is accordingly affirmed.

BAREFOOT, P. J., and JONES, J., concur.