## DOUGLAS v. STATE.

No. A-11195.   Dec. 13, 1950.

(225 P. 2d 376.)

Wimbish & Wimbish, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and W. G. Long, County Atty., Ada, for defendant in error.

BRETT, J.  The plaintiff in error, Milo B. Douglas, defendant below, was charged by information in the county court of Pontotoc county, Okla., with the offense of operating a motor vehicle while under the influence of intoxicating liquor.  The alleged offense occurred on or about August 29, 1948, in Pontotoc county, at about 11 o'clock at night while the defendant was driving south on

Highway 99 towards his home at Fittstown about 8 miles south of Ada, Okla. The defendant was tried and convicted by a jury and his punishment fixed at a fine of $250 and 60 days in jail. This appeal was lodged in this court on February 16, 1949; defendant's brief was filed on June 15, 1949. The case was set for oral argument on March 22, 1950, and submitted on the record and brief of the defendant, Douglas, and the state given 20 days to brief. The state's brief was filed on September 13, 1950.

The defendant's first contention is that the court erred in admitting evidence over his objection for the reason that the information failed to state an offense. In this connection the information was brought under the provisions of Title 47, § 93, O.S.A. 1941, the pertinent part thereof reading in part as follows:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, * * * to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act (10322) and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the county jail for a period of time not to exceed one (1) year, or by a fine of not more than Five Hundred ($500) Dollars or by both such fine and imprisonment."

This being a first offense, we will not set out the portion of the statute in relation thereto defining second or subsequent offenses as a felony and fixing punishment.

The charging part of the information is as follows, towit:

"* * * The defendant did, in said County and State, at the above named day and year aforesaid, did, then and there unlawfully, wilfully and wrongfully, while under the influence of intoxicating liquor, drive, operate and propel an automobile, to-wit: 1946 Ford Coach, on the public highway of Pontotoc County, Oklahoma, to-wit: from a point to your complainant unknown on State Highway 99 to another point in Pontotoc County, Oklahoma, to-wit: about eight miles South of Ada, Oklahoma, on said State Highway No. 99, contrary * * *".

The contention as to the insufficiency of the information is not well taken. To this information the defendant did not demur but waited until the case was called for trial and objected to the introduction of evidence. This attack must be considered in light of Morrison v. State, 35 Okla. Cr. 311, 250 P. 543, where this court said:

"It is generally held that, where a defendant goes to trial without demurring to an information, and first questions its sufficiency by objection to the introduction of evidence, every intendment and presumption will be indulged in to sustain the information. Where no demurrer is filed nor objection made, and an information is first challenged by a motion in arrest of judgment, the same rule obtains. The motion should be overruled, unless there is some fatal defect which is not waived by failure to demur or object. Section 2756, Comp. Stat. 1921; 8 R.C.L. 228; Feige v. State, 11 Okla. Cr. 49, 142 P. 1044. The information in this case sufficiently charged the offense defined, and there is no merit in the contention."

Furthermore, the gist of the offense as defined by the statute is driving a motor vehicle on any highway within the State of Oklahoma while under the influence of intoxicating liquor. The best answer to this contention is the information itself. It alleges all the essential elements of the offense subject to proof under varying forms and conditions. This court has sustained many

informations in substantially the same form as the one at bar. Argo v. State, 88 Okla. Cr. 107, 200 P. 2d 449. Therein the charge was driving a motor vehicle while under the influence of intoxicating liquor. The defendant attacked the sufficiency of the information. In connection with this contention we said:

"This court has repeatedly held that the gist of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Moreover, an information that informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense, is sufficient. Dunham v. State, 78 Okla. Cr. 54, 143 P. 2d 834. Furthermore, as to when an information is sufficient, it has been held that an information is sufficient which states the offense clearly and distinctly in ordinary and concise language, without repetition, in such manner as to enable a person of common understanding to know what was intended. Hancock v. State, 80 Okla. Cr. 1, 156 P. 2d 155; Sparks v. State, 72 Okla. Cr. 283, 115 P. 2d 277; Norris v. State, 68 Okla. Cr. 172, 96 P. 2d 540; Simpson v. State, 67 Okla. Cr. 152, 93 P. 2d 541; Harry v. State, 59 Okla. Cr. 302, 58 P. 2d 340; Hulsey v. State, 86 Okla Cr. 273, 192 P. 2d 301."

See, also, Rheuark v. State, 78 Okla. Cr. 121, 144 P. 2d 754; King v. State, 73 Okla. Cr. 404, 121 P. 2d 1017; Sudderth v. State, 45 Okla. Cr. 260, 282 P. 1109; Gault v. State, 42 Okla. Cr. 89, 274 P. 687.

The defendant contends, however, that the information should have alleged in addition to the things charged therein that the defendant was "under the influence of

intoxicating liquor so far as to affect the nervous system, brain or muscles of the driver," etc. He says since the information did not so allege it was insufficient. The answer to this contention is found in Doolin v. State, 69 Okla. Cr. 88, 101 P. 2d 271, wherein this court said:

"Under the decisions of this court it is well settled that in indictments or informations for statutory offenses, it is only necessary to use the language of the statute, unless it is apparent that there are elements of the offense not described in that language."

It is apparent the language employed in the information was entirely sufficient, for the reason that the term "while under the influence of intoxicating liquor" would necessarily include the effect upon the nervous system, brain or muscles of the driver. It is so inclusive as to encompass all the elements of a drunken condition. The allegation thus being broad enough to include all the elements which the defendant contends should have been alleged in the information, this contention is without merit. Moreover, the information clearly and distinctly informs the defendant in ordinary concise language sufficient to enable him to prepare for trial, and so defines the offense, that in the event of a conviction or acquittal he would be able to defend himself against a subsequent prosecution, and the law requires nothing more. Norris v. State, 68 Okla. Cr. 172, 96 P. 2d 540, and numerous other cases to this effect.

The defendant's second proposition is that the trial court erred in excluding evidence sought to be elicited on cross-examination of the highway patrolmen about what kind of liquor they smelled on the defendant's person and his breath. The trial court sustained his objection to this cross-examination. The object of the defendant in seeking this information appears in his 5th proposi-

tion to the effect that the court erred in not giving his requested instruction that the state should be required in substance to prove 3.2 beer was intoxicating. It therefore appears that the defendant sought to lay the predicate for putting this burden of proof on the state by showing the officers smelled beer on the defendant, several bottles of which the officers found in the car, and the defendant admitted he had been drinking. This contention and the contention in the defendant's fifth proposition will be considered together. The kind of liquor the defendant had been drinking was immaterial. The material fact was, Was the defendant drunk whether on 3.2 beer or liquor with an alcoholic content in excess thereof. It was not error to exclude such evidence on cross-examination and refuse the defendant's requested instruction. In Foglesong v. State, 69 Okla. Cr. 360, 103 P. 2d 106, it was said:

"Section 1, Chapter 153, Session Laws of 1933, 37 Okla. St. Ann. § 151, defines what is 'intoxicating' and 'non-intoxicating' liquors. The definition under this act was for the purpose of thus classifying beverages, as a foundation for the subsequent licensing and taxing provision. It was not intended to regulate the provisions of the law with reference to the enforcement of the criminal statutes.

"Section 10324, O.S. 1931, 47 Okla. St. Ann. § 93, makes it an offense for one who is under the influence of intoxicating liquor, or who is a habitual user of narcotic drugs, to operate or drive a motor vehicle on any highway within the state.

"Under this statute it was the intention of the Legislature to punish those who were in fact 'under the influence of intoxicating liquor,' whether it be caused from drinking beer with an alcoholic content of 3.2 per cent or liquor in excess thereof."

Hence the lack of merit in the defendant's second and fifth contentions clearly appears.

The defendant's third contention is that instruction No. 3 was contradictory and misleading. Instruction No. 3 was as follows, to wit:

. "It shall be unlawful for any person who is under the influence of intoxicating liquor to operate or drive a motor vehicle on any state highway and any person violating this provision of the statute shall be deemed guilty of a misdemeanor and punished by imprisonment in the County jail for a period of time not to exceed one year or by a fine of not more than $500 or by both such fine and imprisonment."

The defendant admits that the insufficiency was corrected before it was given to the jury. It would have been better practice for the court to have prepared a new instruction No. 3, but the word "and" having been marked out and the word "or" having been substituted · we can see no reason for confusion in the minds of the jury. Hence the instruction was not misleading. In any event the matter did not go to the question of the defendant's guilt or innocence and in that regard it could therefore not constitute prejudicial error. Furthermore, the verdict being within the limits of the law it is apparent· the jury was not confused or misled. Moreover, if error, in light of defendant's clearly established guilt, it would constitute nothing more than harmless error, Title 22, § 1068, O.S.A. 1941, subject to modification on appeal, Title 22, § 1066, O.S.A. 1941.

The fifth assignment goes to the proposition that the judgment is cruel and. excessive. The argument in the brief virtually amounts to an attack upon the sufficiency of the evidence to warrant the penalty imposed. It appears the defendant had been a faithful employee

of the Magnolia Petroleum Company for 26 years and was a man 62 years of age. The defense of the defendant made to the violation was that he broke his glasses and just couldn't see and in that way he sought to explain why he was driving on the left hand side of the highway. The state's evidence, however, established a clear case of guilt beyond a reasonable doubt. The defendant was driving on the left side of the road and forced another car approaching him onto the shoulder to avoid a collision. The defendant was so drunk the highway patrolmen testified he staggered and had to be assisted out of his automobile as well as when he walked. Moreover, the record shows he had several bottles of beer in the seat and several more on the floor of the automobile. He admitted he had drunk three bottles of beer. These facts presented an issue of fact for the jury. We are not too impressed with his defense or the fact that he is 62 years of age. He was old enough to know better. Moreover, had his drunken driving resulted in a collision and serious injury or death of an innocent person, the result would have been the same as though the defendant had been a younger man. Because of the supposed high standing of the defendant in the community and his age and long work record with the Magnolia Petroleum Company, the state had a right to expect more of him in the way of law observance than it would of a younger man, or one who did not have so much at stake. See Ex parte Meyers, 55 Okla. Cr. 75, 24 P. 2d 1011. The penalty imposed in the Meyers case was one year in the penitentiary and a fine of $1,500 and costs. Therein it was said:

"Driving an automobile while intoxicated is a grave offense, the driver being a potential murderer of any peaceful citizen going about his business on the public

highway. The punishment fixed by chapter 16, section 3, Session Laws 1923, is not excessive, but is very moderate considering the gravity of the offense."

See, also, Brown v. State, 48 Okla. Cr. 251, 290 P. 416. Therefore, we are not inclined to interfere with the jury's verdict and the judgment and sentence pronounced thereon. For all the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.