# HATTON v. STATE.

No. A-11636.  Dec. 31, 1952.

(252 P. 2d 170.)

S. S. Lawrence, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty, Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.  Plaintiff in error, Willard Lee Hatton, defendant below, was charged by information in the common pleas court of Tulsa county, Oklahoma, with having committed the crime of operating a motor vehicle, to wit, a 1937 Ford coupe bearing 1950 automobile license plate No. 2-66296 on U. S. Highway

64 from the city of Tulsa to the city limits of Sand Springs, Oklahoma, while under the influence of intoxicating liquor, in violation of Title 47, § 93, O.S.A. 1941. The crime was alleged to have been committed on September 29, 1950, a second and subsequent offense, the defendant having been convicted of drunken driving on September 27, 1945, in the municipal court of the city of Tulsa, by Honorable H. A. Chambers. A jury was waived and the defendant tried by the court on February 6, 1951. No evidence as to the second offense was offered, and the defendant was found guilty as though a first offender, and his punishment fixed at a fine of $250 and costs; judgment and sentence was entered accordingly, from which this appeal is perfected.

On the trial of the case it appeared from the state's evidence that the defendant was not driving a Ford but was actually driving a 1937 Plymouth car, license No. 2-66296. The only variance in the allegations and the proof of the state was as to the make of the car. The defendant was positively identified as having driven a certain motor vehicle at the time and place as alleged in an intoxicated condition. Highway Patrolman Summers testified he followed the driver of the motor vehicle for 5 or 6 miles at about 11:30 p.m.; that the defendant was driving from side to side of the road and forcing approaching traffic off on the shoulder to avoid a collision with the defendant. He said that he followed the defendant until he stopped his automobile at a cafe and saw him get out; that he was staggering and was unsteady on his feet. Night Chief of Police Erber of Sand Springs corroborated Patrolman Summers as to the drunken condition of the defendant, as to his staggering and that he could hardly stand up; and further testified that he had the smell of intoxicating liquor upon his breath. After the state had made the foregoing showing it was stipulated by and between the state and the defendant that the license number of the automobile which was involved in this violation was not 2-66296 but was actually 2-66269. It was further stipulated that Officer Garroute of Sand Springs would testify in substance relative to the defendant's drunkenness as had Officers Summers and Erber. The defendant did not testify in his own behalf, and offered no proof in his defense.

It is well to observe here that the state's evidence was not contradicted as to the defendant's drunken condition, or that on the night in question he was driving an automobile while in a drunken condition.

There is only one question involved in this appeal. The defendant contends that there was a fatal variance in the pleading and the proof, in that the state pleaded the defendant was driving a 1937 Ford, 1950 license No. 2-66296, whereas the proof showed the same to be a 1937 Plymouth, 1950 license No. 2-66269. In this connection the proof is undisputed that the defendant was driving a 1937 model automobile at the time and place in question while in an intoxicated condition. Nothing to the contrary appearing, the evidence was sufficient to sustain the essential elements as alleged in the information. It has been held that the gist of the offense was driving a motor vehicle upon any highway in the state of Oklahoma while in an intoxicated condition. In Argo v. State, 88 Okla. Cr. 107, 200 P. 2d 449, we said:

"In this same connection the defendant contends that the information is defective because it does not sufficiently and accurately describe the automobile by make, tag number or anything by which the automobile might be identified. In this connection, it is pertinent to note that the gist of the offense was driving while intoxicated a motor vehicle upon any highway in the State of Oklahoma. The information clearly charges that the defendant did drive, operate and propel an automobile on the public streets of Coalgate, Oklahoma, to-wit: from a point to your informant unknown to another point in Coal County, State of Oklahoma, to-wit: a point on Main Street in the City of Coalgate, due east of the

Palace Drug * * *'. Therein the information completely alleged all of the essential elements of the offense. This court has repeatedly held that the gist of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Moreover, an information that informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted, he will be able to defend himself against any subsequent prosecution for the same offense, is sufficient. Dunham v. State, 78 Okla. Cr. 54, 143 P. 2d 834. Furthermore, as to when an information is sufficient, it has been held that an information is sufficient which states the offense clearly and distincly in ordinary and concise language, without repetition, in such manner as to enable a person of common understanding to know what was intended. Hancock v. State, 80 Okla. Cr. 1, 156 P. 2d 155; Sparks v. State, 72 Okla. Cr. 283, 115 P. 2d 277; Norris v. State, 68 Okla. Cr. 172; 96 P. 2d 540; Simpson v. State, 67 Okla. Cr. 152, 93 P. 2d 541; Harry v. State, 59 Okla. Cr. 302, 58 P. 2d 340; Hulsey v. State, 86 Okla. Cr. 273, 192 P. 2d 301. In a case of this character where the ownership and title to the automobile is not necessarily involved and since the gist of the offense is driving a motor vehicle on any highway in the State of Oklahoma while under the influence of intoxicating liquor, we are of the opinion that the information alleges all of the essential elements of the statutes herein involved making it an offense to propel or operate a motor vehicle on a highway while under the influence of intoxicating liquor."

See, also, in this connection, Gault v. State, 42 Okla. Cr. 89, 274 P. 687; Sudderth v. State, 45 Okla. Cr. 260, 282 P. 1109; Bruce v. State, 46 Okla. Cr. 214, 287 P. 809. In Monahan v. State, 95 Okla. Cr. 234, 243 P. 2d 744, we said:

"Under the provisions of Title 47, § 93, O.S.A. 1941 and O.S. 1951, it is unlawful for any person while (a) under the influence of intoxicating liquor, (b) to operate or drive a motor vehicle, (c) on any highway within this state. The information in this case clearly alleged the essential elements of the crime and further identified the defendant with the commission of the crime and alleged that it was committed 'unlawfully, wilfully and knowingly'. The information moreover contained the allegation that the crime of driving the said motor vehicle while under the influence of intoxicating liquor was committed in Tulsa county, on a public highway, which was sufficient to invoke the jurisdiction of the trial court. Thus charging the essential elements of the crime of driving a motor vehicle while under the influence of intoxicating liquor in Tulsa county the information was sufficient to apprise the defendant of the charge against him."

It thus appears that the description of the motor vehicle is not an essential allegation of the information in a charge for driving a motor vehicle while in an intoxicated condition, and not being an essential allegation it may be regarded as surplusage. In Ostendorf v. State, 8 Okla. Cr. 360, 128 P. 143, in syllabus 1, subsections (h) and (i), the rule relative to such unnecessary descriptive allegations was stated as follows, to wit:

"(h) In an information or indictment for maintaining a place at which intoxicating liquors are illegally sold, it is not necessary to go into immaterial details in describing such place. It is enough to state the offense in such language as will enable a person of ordinary understanding to know what is intended to be charged against him. If the indictment or information contained unnecessary descriptive allegations, such averments will constitute surplusage, and a failure to prove those as alleged will not amount to a fatal variance.

"(1) Descriptive averments only become material when they involve the merits of the case. The common-law rule with reference to descriptive averments as to immaterial matters is not in force in this state."

In the body of the opinion it was said:

"In the early case of George v. [United] State[s], 1 Okla. Cr. 307, 97 P. 1052, 100 P. 46, in an opinion by Judge Doyle, we said: 'When a defendant is clearly proven to be guilty, this court will not reverse a conviction upon any technicality or exception which did not affect the substantial rights of the defendant.' We have reiterated this statement in hundreds of cases and wherever it has been presented to us since, and it has been our uniform rule to require the defendant to put his finger on the error of which he complains and to show that he was thereby deprived of some substantial right."

And 8 Okla. Cr. at pages 367 and 368, 128 P. at page 146, it was said:

"The only defect which we find in this information is that it states with unnecessary particularity the place where the offense is alleged to have been committed. This was altogether unnecessary, and is surplusage. Who would say that an information which alleged that the defendant stole a horse tied to a certain post in a certain street, and if the testimony upon the trial shows that as a matter of fact the horse was not taken from this particular post, that the allegations with reference to the post and street were necessary, and therefore not surplusage? Such a variance would be immaterial. * * *

"We cannot see how any man of ordinary understanding and intelligence can fail to know, from the allegations in the information in this case, the nature of the accusation against the appellant. This is all that our law requires. Subdivision 6, § 6704, Comp. Laws 1909, is as follows: 'The indictment is sufficient if it can be understood therefrom * * * that the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.' "

In Dunn v. State, 14 Okla. Cr. 452, 172 P. 463, in syllabus 1 it was said:

"Matters of surplusage not misleading nor contradictory of the material elements as pleaded will not vitiate an information."

Such is the situation in the case at bar. The allegation of the description of the automobile under the foregoing statute defining operating a motor vehicle while under the influence of intoxicating liquor constitutes mere surplusage since it is not misleading nor contradictory of the material elements of the offense as pleaded in the information notwithstanding the descriptive matter was erroneously stated. Especially is this true in a situation such as confronts us in the case at bar, where the proof establishing the material elements of the offense stand uncontradicted by any proof to the contrary. For all the above and foregoing reasons, the judgment herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.