## W. R. WHITE v. STATE.

No. A-1531.   Opinion Filed May 24, 1913.

(132 Pac. 381.)

1.  LARCENY—Evidence—Sufficiency. In a prosecution for larceny of livestock, the evidence is held sufficient to sustain the verdict and judgment, and that no error was committed on trial.

2.  CONTINUANCE—Review of Denial. An application for continuance is addressed to the discretion of the trial court; and its action thereon will not be reviewed, unless there appears to have been a clear abuse of discretion.

(Syllabus by the Court.)

*Appeal from District Court, Johnston County;*
*Robert M. Rainey, Judge.*

W. R. White was convicted of larceny, and appeals. Affirmed.

*Stephen C. Treadwell,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *Jos. L. Hull,* Spec. Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was prosecuted upon an information which jointly charged W. R. White and John Morgan with the larceny of one heifer, the property of one C. A. Snyder. It appears that said Morgan forfeited his bond and was not apprehended. This defendant was tried and convicted, and his punishment was fixed by the jury at imprisonment in the penitentiary for one year. On the 9th day of June, 1911, the court sentenced the defendant in accordance with the verdict of the jury. An appeal was taken by filing in this court December 8, 1911, petition in error with case-made.

The assignments of error relied upon for a reversal of the judgment are, in effect: First, that the trial court erred in overruling an application for continuance; second, that the evidence is insufficient to sustain the conviction; third, that the instructions given were misleading and improper, and that the court erred in refusing to give instructions requested by the defendant.

The information was filed June 6, 1910. When the case was called for trial one year later, June 6, 1911, the defendant filed a motion for continuance on the ground of the absence of one Jess Pierce, who lived in Garvin county. The affidavit recites that at the time of the alleged theft the defendant was residing near Ego, and that said absent witness, if present, would testify that he went in company with one Houston Brandle to the defendant's house, and they found John Morgan there; that the defendant was not at home; that he saw the yearling that was killed and knows that the same was the property of the defendant, and he was present when John Morgan killed said yearling; that he saw the hide that was exhibited at the examining trial, and that it was the hide of

the yearling belonging to the defendant that Morgan killed; that the defendant has used due diligence to procure the attendance of said witness; that on May 23, 1911, he caused a subpœna to be issued for the witness, and mailed on May 29th a correct copy of said subpœna to the said Jess Pierce, postage prepaid, addressed to Wynnewood; that on June 6th he talked to said Jess Pierce over the telephone, and said witness said he had received said subpœna and would be in Tishomingo on the morning of June 7th to testify in said case. The case was passed until June 8th, at which time the defendant renewed his application for continuance by filing another affidavit, which further alleged that when said witness did not arrive on June 7th, he procured another subpœna for said witness and an order from the court commanding said witness to attend in response to said subpœna, and placed said subpœna in the hands of the sheriff of Johnston county.

We think the application does not show diligence. A defendant should not wait until his case is called for trial before he asks for an order of court to command the attendance of a witness resident in another county of the state. The rule is well settled that an application for continuance in a criminal case is addressed to the discretion of the trial court; and its action thereon will not be reviewed, unless there appears to have been a clear abuse of discretion. The court certainly did not abuse its discretion in refusing a further continuance in this case.

The conviction rests largely upon circumstantial evidence, but in our view the testimony of the state as to the guilt of the defendant is clear and convincing. C. A. Snyder testified that he missed a yearling heifer from his pasture; that codefendant, John Morgan, sold him some beef that day; that he tried to buy the hide from Morgan, who was working for the defendant White. The next day he charged White, in the presence of Morgan, with taking and killing his heifer. White denied it, saying that he told John Morgan to kill the calf of one of his cows, and that:

"I wasn't at home when the calf was killed. Just as quick as I can go home I can tell in five minutes whether I got your calf or not. If this old cow's calf is with her, I got your calf. If I did, I will make it good. Be back just as quick as I can go to the house and back."

But he never came back. The next morning Snyder found his heifer's hide at the depot, wrapped up ready for shipment to Denison, Tex. Six or seven witnesses testified that the hide was that of Snyder's heifer. The station agent testified that White admitted to him that he had the bill of lading for this hide, but had mislaid it, although one of the Morgans had brought the shipment there at an early hour of the morning, after White had been charged with the theft. The defendant did not testify in his own behalf. He introduced two witnesses only, and the only fact which they testified to was that they examined the hide and it was marked with a brand. The circumstances tended strongly to show that this defendant participated in the larceny, and that evidence, together with the admissions of the defendant tending to connect him with the commission of the offense which were not denied, is clearly sufficient to uphold the verdict and the judgment.

We have carefully gone over the instructions given by the court. They fully and correctly cover the law of the case, and it is unnecessary to incumber this opinion with further comment upon them.

The instructions requested by the defendant were properly refused. They were not the law, and were not based upon any testimony justifying the court giving them.

The case appears to have been carefully and ably tried on the part of the court as well as counsel. Our conclusion is that the defendant had a fair, impartial, and legal trial.

The judgment of the district court of Johnston county is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.