## LUTHER YEATMAN v. STATE.

No. A-5415.  Opinion Filed April 2, 1926.
(244 Pac. 828.)

C. B. Leedy, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.  The information charged that in Ellis county, June 15, 1923, Luther Yeatman did have possession of 3 quarts of whisky with the intention of violating the provisions of the prohibitory liquor law. On the trial the jury returned a verdict of guilty and fixing the penalty at a fine of $50 and confinement in jail for 30 days.

From the judgment entered on the verdict, he appeals, and assigns as error the overruling of motion for continuance, error in admitting evidence obtained under a void search warrant and in excluding competent evidence offered by defendant, and that the verdict is not sustained by sufficient evidence and is contrary to law.

The evidence for the state is to the effect that the sheriff, a deputy sheriff, and the court clerk, under authority of a search warrant, visited the premises oc-

cupied by defendant about 18 miles southeast of Arnett and searched the premises, including his residence, and found behind the henhouse two fruit jars containing whisky, covered with a fruit box, and a brass kettle in the smokehouse.

At the close of the state's evidence there was a motion for a directed verdict in the form of a demurrer to the evidence, which was overruled.

For the defense, the mother of defendant testified that she lived with her son, and was present when the officers searched the house and yard; that she knew nothing about the whisky that was found near the henhouse, but the brass kettle they seized belonged to her, and she used it in preparing pickles and cooking. She was then asked if, during the night before, she heard the dog rearing around the house and acting as though some one was on the premises. The state's objection was sustained.

Thereupon the jury was excused, and defendant offered to prove by this witness that during the night she heard a noise of a person around the henhouse, and heard the dog making a racket, apparently after some person; that the next morning the officers found jars containing whisky back of the henhouse, covered with a small lemon box.

The wife of the defendant testified that they had never had any whisky around the house, and that she did not know who the whisky found belonged to or how it got there behind the henhouse.

Defendant testified that he had lived in Ellis county 15 years, and was replanting broom corn on Rector's place when the officers appeared; that Chester Turner came along and told him there was some whisky at his house, and he unhitched the team and started to his

home and met the officers; the sheriff asked him if he knew anything about the whisky that he had in his car, and he asked him what whisky, and the sheriff said, "Get in, and we will go to town"; that he never saw the jars before, and did not know what they contained; that he never at any time had possession of, sold, or offered for sale any whisky.

It is argued that the court erred in overruling the defendant's motion for a continuance, supported by his affidavit, on the ground of the absence of a material witness, Chester Turner, and setting forth: That on July 29th defendant by his attorneys filed his praecipe for subpoenas to issue for his witnesses, including the said Chester Turner. That, on the 6th day of August, the sheriff advised C. B. Leedy, attorney for defendant, that he had not served the subponeas for any of defendant's witnesses, having been advised by the county attorney not to serve said subpoenas, that he would not approve any claim by the sheriff for his fees in serving the subpoenas for defendant's witnesses. That two days prior to his trial the sheriff made an attempt to serve the said subpoenas, but did not find the witness, Chester Turner. The return of the sheriff, made on August 11th, recites that said witness cannot be found in the county. That said witness Turner, if present, would testify: That he is a resident of Ellis county, and on the 14th day of June was attending a dance at Mr. Coram's, defendant's father-in-law. At the dance Carl Jones, from Dewey county, was selling corn whisky, and it was reported that officers were coming to the dance, and witness and said Carl Jones went to defendant's home about midnight or after. That apparently defendant and his family were in bed. They did not see anyone there, and the house was dark. That Jones broke one quart of the whisky and carried three quarts from the car and placed it near the chicken

house, and left it there for the night, so that the officers could not find it. Witness and Jones then returned to the dance, and Jones said he would go by defendant's house and take the whisky away before defendant got up the next morning. That the next morning witness went to the field where defendant was working, which was some distance from his house, and told defendant that Carl Jones from Dewey county had left some whisky at defendant's place, near or in an outhouse, and advised defendant to go to his house and see if Jones had not taken it away. That he had known defendant for several years, and never knew defendant having possession of any whisky. That defendant has no other witness to prove these facts, and asks the court to grant him at least 10 days to obtain the attendance or deposition of the said Chester Turner.

The affidavit for continuance was not traversed. The court overruled the motion, and the trial court proceeded over defendant's objection.

We understand the rule to be that applications for a continuance are addressed to the discretion of the trial court. Here it appears that the defendant used due diligence to secure the attendance of the absent witness, and his absence was due to the refusal of the sheriff acting on the advice of the county attorney to serve the process in due time. We think, upon the undisputed facts, the court abused its discretion in overruling the motion for a continuance.

The Constitution guarantees to every person accused of crime the right to have compulsory process for obtaining witnesses in his behalf. Section 20, Bill of Rights.

In Westbrook v. State, 14 Okla. Cr. 423, 172 P. 464, we said:

"It is the right of every person accused of crime to

have a fair trial and compulsory process to compel the attendance of his witnesses, and this involves as a matter of course the time reasonably necessary to prepare for trial."

And see Noel v. State, 17 Okla. Cr. 308, 188 P. 688; Romine v. State, 10 Okla. Cr. 350, 136 P. 775.

This is sufficient to dispose of the appeal; but, in view of the fact that a new trial must be granted, it is proper for us to notice the affidavit upon which the search warrant issued. It describes the place to be searched as section 25 and the east half of section 23, township 19, range 22, and the buildings thereon, but fails to state that defendant's residence thereon is a place of public resort or a place for the storage of intoxicating liquors.

An examination of the record discloses that, in his exceptions to the admission of the state's evidence, defendant did not specify that the admission of the same violated any of his constitutional rights. It follows that the question argued cannot be raised for the first time in this court.

For the reasons stated, the judgment appealed from is reversed, and a new trial awarded.

BESSEY, P. J., and EDWARDS, J., concur.