# BOB SIMMONS v. STATE.

No. A-9555.   Jan. 19, 1940.
(98 P. 2d 623.)

Amil H. Japp, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, P. J. This is an appeal from the district court of Kiowa county, wherein appellant, Bob Simmons, was convicted of the crime of grand larceny, and on February 19, 1938, was in accordance with the verdict of the jury, sentenced to serve a term of two years' imprisonment in the state penitentiary.

The petition in error and case-made were filed in this court August 19, 1938.

The information jointly charged Bob Simmons, Alfred Dicks and Joe Dodson, with the larceny of one and one-half ton Wright Highspeed chain hoist, of the value of $50, the personal property of Parsons Brothers Granite Company, a partnership, doing business in Mountain Park, Kiowa county.

Appellant in his brief states:

"It is the contention of the defendant that there is only one question involved in this appeal, under the Constitution of Oklahoma, the defendant as a matter of right was entitled to compulsory process for his witnesses. This right was denied to him."

It appears from the record, that on February 8, 1938, counsel for appellant filed with the court clerk an affidavit for process for five witnesses, residents of Comanche county. While the affidavit is addressed to Hon. Cham Jones, district judge, it does not appear that it was ever presented to said district judge, or that any order of the judge of the court was made for the attendance of such witnesses.

The record shows that a subpoena was issued and served February 9, 1938, by the sheriff of Comanche county on each witness named in the affidavit.

On February 16, 1938, the case came on for trial in the district court of Kiowa county, Jno. B. Wilson, presiding judge, and both sides announced ready for trial. Thereupon a jury was duly impaneled and sworn to well and truly try said cause and a true verdict render.

Thereupon Mr. Japp, counsel for defendant, moved the court to issue an attachment for Joe B. Dodson, one of the Comanche county witnesses who had been served with a subpoena. The court having refused the attachment, counsel for defendant moved the court for a continuance on the ground that said Joe Dodson, who resides in Lawton, is in the C. C. C. Camp, at Cache, Comanche county, a material witness, and if present would testify that he was with the defendant at Mountain Park; that said defendant did not take from the Parsons Brothers the one and one-half ton hoist, and that said defendant did not have said hoist in his possession until sometime thereafter, in the city of Lawton. That said witness was present when the defendant sold said hoist to one Yarmuck. Application for attachment is made a part of the motion for continuance.

In support of the contention made, appellant cites and quotes excerpts from the opinions of this court in the following cases: Lyons v. State, 6 Okla. Cr. 581, 120 P. 665; Noel v. State, 17 Okla. Cr. 308, 188 P. 688; Yeatman v. State, 34 Okla. Cr. 20, 244 P. 828; Morse v. State, 63 Okla. Cr. 445, 77 P. 2d 757.

Upon the record in the instant case, appellant is in no position to complain. The motion for attachment for the witness, Dodson, was properly denied.

The Code of Criminal Procedure provides:

'No person is obliged to attend as a witness, before a court or magistrate out of the county where the witness resides or is served with the subpœna, unless the judge of the court in which the offense is triable, upon an affidavit of the county attorney, or of the defendant or his counsel, stating that he believes that the evidence of the witness is material and his attendance at the examination or trial necessary, shall indorse on the subpœna an order for the attendance of the witness." Section 3024, 22 Okla. St. Ann. § 715.

There was no compliance with the provisions of the foregoing section. The trial judge did not indorse on the said subpoena an order for the attendance of the witnesses.

A witness not residing in the county could not be compelled to attend, unless served with a subpoena, on which the trial judge had indorsed an order for the attendance of said witness. Hudson v. State, 20 Okla. Cr. 435, 203 P. 482.

Since the witness, Dodson, was under no legal obligation to attend under the subpoena which had been served upon him, he was not subject to attachment, and the issuance of said attachment by the court would have been unauthorized.

In the case of White v. State, 9 Okla. Cr. 442, 132 P. 381, 382, we said:

"A defendant should not wait until his case is called for trial before he asks for an order of court to command the attendance of a witness resident in another county of the state. The rule is well settled that an application for continuance in a criminal case is addressed to the discretion of the trial court; and its action thereon will not be reviewed, unless there appears to have been a clear abuse of discretion."

In the case of Rucker v. State, 64 Okla. Cr. 259,. 79 P. 2d 629, 632, this court said:

"An application for continuance on account of the absence of a witness must show diligence has been used to procure the witness or his testimony. When this is not made to appear, it is not error to overrule such application. Gentry v. State, 11 Okla. Cr. 355, 146 P. 719; Hunt v. State, 38 Okla. Cr. 294, 260 P. 512.

"Under our statutes, the granting or refusing of such application is a matter within the judicial discretion of the trial court. In reviewing the refusal of a continuance, on account of an absent witness, the testimony taken in the trial is considered by this court for the purpose of determining whether the absent testimony was probably true, as well as whether it was material, if true."

It follows from the foregoing that the court did not abuse its discretion in overruling the motion for a continuance.

In conclusion we simply add that it appears that the trial was fair and the conviction of appellant was just and merited.

Finding no material error in the record, the judgment appealed from herein is accordingly affirmed.

BAREFOOT, J., concurs.