Bobby Allan THACKER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12399.

Criminal Court of Appeals of Oklahoma.

March 13, 1957.

A. W. Mauldin, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Bobby Allan Thacker, plaintiff in error, was tried before jury in the District Court of Stephens County, Oklahoma, on the charge of arson. He was found guilty and sentenced to a term of three years in the state penitentiary from which judgment and conviction he has appealed to this court. The evidence reflected by the transcript of the proceedings shows that defendant was convicted for burning the home of H. P. Hines, Assembly of God preacher, who lives approximately three miles from Countyline, Stephens County, Oklahoma. The evidence shows that while Reverend Hines and his wife and other members of the family were attending church on Sunday evening, April 22, 1956, his home was completely destroyed by fire and plaintiff in error, Bobby Allan Thacker, was charged and convicted of burning said dwelling. Reverend Hines had left a 1956 Ford pickup truck parked within a few feet of the house. Said truck was destroyed by fire except the wheels and tires which had been removed from the truck prior to burning.

Shortly after the building was burned, Reverend Hines made a search of the house furnishings and was unable to find certain articles that had been in the house just prior to the fire; one of which was a .22 Remington rifle and other items which were identified by Reverend Hines at the trial of the cause.

After investigation by the officers, Bobby Allan Thacker was taken into custody on April 23, 1956, and placed in jail, questioned, and released late that afternoon. He was again picked up in the late evening on April 25, Wednesday, 1956, when he was questioned several times by officers of the county and State Crime Bureau. He remained in jail until April 27 without charges being filed and on that date was taken to Oklahoma City by the sheriff of Stephens County for the purpose of taking a lie detector test at the State Crime Bureau. While there he signed a statement in which he admitted setting fire to Reverend Hines house by applying a lighted match to a bedspread in the back bedroom. In his statement, he further related that he had taken the missing .22 rifle, tires and wheels, and hidden them at Barney Smith's old house that was vacated and located in the town of Countyline, Stephens County. The officers went immediately to the location and found the tires, wheels, and rifle, in an old cellar near the vacant house where defendant said he had placed them.

Plaintiff in error, at the time of trial, repudiated his admission of guilt and contended the statement given was not voluntary, but induced by promises from the sheriff that he would be returned to his home and see that he got a suspended sentence. The officers denied any promises were made of any kind or nature.

Defendant further testified that during the period of time he was held in jail prior to arraignment, and prior to charges being filed, that he made numerous requests to see his father, which requests were consistently denied by the officers. The evidence reflected that his father made numerous trips to the jail to inquire of his son and upon request, was refused permission to see him, being told each time by the officer in charge that he was instructed not to permit any one to see the defendant. The evidence in this respect is not denied by the state.

The plaintiff in error was tried and on July 12, 1956, the jury returned a verdict finding the defendant guilty as charged in the information and that they were unable to agree upon the punishment and left same to be affixed by the court.

The plaintiff in error raises three assignments of error:

1. The defendant contends, that his constitutional rights were violated, in, that the arresting officer failed and refused to take him before a magistrate to be arraigned, and the delay was unreasonable. Title 22, Section 181, O.S.A. and Title 21, Section 534, O.S.A.

2. The court was in error in refusing the defendant's application for a continuance, for absence of two witnesses which are material to protect the defendant's rights, and affidavits were filed in said cause.

3. That defendant was held an unreasonable time without an arraignment, and the court was in error in admitting an involuntary statement purportedly made by the defendant.

The assignments of error advanced by numbers 1 and 3 in the brief of plaintiff in error are so closely related they will be dealt with as one, and by no means presents a new question before this court. Yet it is one that inevitably causes great concern because of the delicate nature of its effects, in determining whether a confession obtained after unnecessary delay is admissible at all, or must be excluded.

At the outset we are forced to recognize and give consideration to the fact that almost every state in the Union has a statute similar to rule 5(a) of the 1944 Federal Rules of Criminal Procedure, 18 U.S.C.A. One rule superseded 28 Stat. 416, August 18, 1894, 18 U.S.C. § 595, 1940, and which directs that an officer making an arrest shall take the arrested person without unnecessary delay, before the nearest available magistrate for arraignment. The plaintiff in error relies almost exclusively upon the rule adopted by the Federal Government in the case of McNabb v. U. S., 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, which requires strict compliance with the rule. Yet the state courts have uniformly refused to apply the McNabb rule in state prosecution. For innumerable authorities to this effect, we need only refer to Hendrickson v. State, 93 Okl.Cr. 379, 229 P.2d 196. It would be indeed repetitious to elaborate upon this question as there is a most adequate and thorough discussion recited by this court in the Hendrickson case. Many cases from other jurisdictions are cited there that clearly establish the precedent that the question has been resolved in favor of admission of the confession or statement.

In the case before us, it is clearly shown that the defendant was being detained without process. But this court has resolved this fact within itself will not render the statement or confession inadmissible. If it was otherwise shown to be voluntary and given without coercion, fear produced by threats or mistreatment, or promises of such a nature that would induce the defendant to relate an untruth.

The defendant in the case at bar testified that he made this statement because an officer promised him a suspended sentence and further promised to return him to Duncan where he could see his father, and as a result of said promises, he made the statement or confession in question. However, this was denied by all officers involved who testified the statement or confession was made at the request of the defendant of his own free will and accord and without any threats, abuse, fear or

promises. The record reflects that the trial court followed the proper procedure outlined in other cases by this court, Fry v. State, 78 Okl.Cr. 299, 147 P.2d 803, and Lyons v. State, 77 Okl.Cr. 197, 138 P.2d 142, 140 P.2d 248, and circumstances about which the defendant testified and which were claimed to have induced the confession were properly presented to the jury for their consideration in the instructions of the trial court.

■ The defendant, who was 17 years old, made numerous requests to see his father, which requests were denied. Defendant's father testified he was at the jail every day to see his son, but was denied permission to do so by the officers in charge. According to the testimonies, there is no question but what this happened.

Whether or not this fact would render the statement or confession inadmissible and involuntary and was a violation of due process has been resolved in the case of Fry v. State, supra, and also in People v. Vinci, 295 Ill. 419, 129 N.E. 193; Annotation 94 A.L.R. 1036, where it was again held that this would not within itself render such statement or confession involuntary or inadmissible, but are matters that are certainly to be considered by the jury in determining whether the statement or confession was voluntary or not. Now, in this connection, this court wants it clearly understood that it does not condone or sanction the actions of the officers in this or any other case as to any unnecessary delay in arraignment and more specially, the ill-advised and inhuman disregard of a father and son's request to see each other while defendant was being held before arraignment. The ones responsible are justly due the severest censor and this court again condemns these practices and had there been any reasonable evidence of abuse, mistreatment or threats exercised by said officers during the delay in the arraignment of the defendant, this court would have been prone to reverse said cause as a result of admitting the statement or confession in testimony.

■■ It is contended by plaintiff in error that the court erred in not sustaining his motion for continuance. The record reflects that on the day the trial commenced, and prior to the calling of said case for trial, defendant through counsel, filed an application for continuance alleging that material witnesses for defendant were absent and the verified motion filed by plaintiff in error states:

"He has been informed and believes that Stevie Eldon Cox is working on a pipe line job in the state of Kansas near Kansas City and in all probability, his attendance can be procured at the next term of court if the case is continued."

As to other witness Hershell Denney, defendant states:

"He is now working at a drilling rig in Sweetwater, Texas, and usually comes in on the weekends and will be available to testify on behalf of defendant if the case is continued."

Defendant filed an affidavit in support of this motion relating that witness Denney, if present, "would testify that this defendant was in Countyline, Oklahoma, from 8:30 p. m. to 9 p. m. on April 22, 1956," and that witness Stevie Eldon Cox, if present, would testify that "he was with this defendant continuously from 9:30 p. m. on April 22, 1956, and that they met at a cafe in Countyline and proceeded west on Highway 7 to the drive-in theatre near Alma, Oklahoma, and remained there for the last show and spent the remainder of the night together."

The Court Clerk was called to testify that dockets were mailed out to various attorneys on June 18, 1956. That subpoenas were issued for defendant's witnesses on July 2, and delivered to the sheriff of Stephens County for service.

Charley Brown, a constable and uncle of Stevie Eldon Cox, testified that he inquired as to the whereabouts of his nephew. That they have been living together in the same house. That he had not seen him since July 4, 1956. That Cox had informed him he was going to look for a job.

Cox, at one time, was charged as defendant in this particular case. Charley Brown further testified that he had not been able to locate witness Denney. That he had not seen him within the past month. That Denney was away from home working on a drilling rig.

The court cannot agree with the contention of the plaintiff in error in this regard. In view of many previous holdings of this court that such a question is within the sound discretion of trial court and his findings will not be disturbed by this court unless it is clearly shown that there was an abuse of discretion. In passing upon this question, the trial court no doubt took into consideration all the circumstances necessarily involved in deciding the matter of whether or not due diligence had been shown and proper search and inquiry made for said witnesses a reasonable time prior to trial. We note from the record that after the motion had been presented to the trial court and after the argument had been presented and after the testimony of various witnesses presented to the trial court and the arguments had thereon, the court made the following statement into the record:

"I don't believe the law will permit the defendant to wait until the witnesses both leave and then get out subpoenas and then ask for a continuance. I don't believe the law goes that far,

so that will be the holding of the Court that sufficient diligence hasn't been shown by the defendant to secure the two witnesses in question. Let the application for continuance be denied."

Based upon the testimony, we feel that no abuse of discretion has been shown and the judgment will not be reversed on these grounds. Law governing this matter has been clearly stated in Walker v. State, 94 Okl.Cr. 323, 235 P.2d 722; Presley v. State, 76 Okl.Cr. 120, 134 P.2d 595; Andrews v. State, 84 Okl.Cr. 104, 179 P.2d 491; Simmons v. State, 68 Okl.Cr. 337, 98 P.2d 623. Kidd v. State, 76 Okl.Cr. 213, 136 P.2d 210:

"An application for continuance on account of the absence of a witness must show diligence has been used to procure the witness or his testimony."

This court has cited Walker v. State, 9 Okl.Cr. 323, 235 P.2d 722, 723:

"An application for a continuance on account of the absence of an alleged material witness is addressed to the sound discretion of the trial court, and, unless an abuse of discretion is shown the judgment will not be reversed."

After examination of testimony in its entirety we find no error which would justify reversal of said cause. It is therefore affirmed.

BRETT, P. J., and POWELL, J., concur.