Claude Lee **BAEZA**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14968.

Court of Criminal Appeals of Oklahoma.
April 9, 1969.

Farrell M. Hatch, Durant, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge:

The Plaintiff in Error, Claude Lee Baeza, hereinafter referred to as the Defendant, was convicted by a jury on the 5th day of July, 1968, of the crime of Robbery with Firearms, Second and Subsequent offense, and his punishment was fixed at twenty years in the state penitentiary. The Defendant's Motion for New Trial alleges three assignments of error. Defendant's Petition in Error alleges five assignments of error, but his brief offers argument and authorities under only one proposition.

Defendant's stated proposition recites: "The trial court erred in overruling defendant's motion for continuance due to the absence of a material witness." The material witness was defendant's co-defendant, who was at the time a patient in the Griffin Memorial Central State Hospital at Norman, Oklahoma. The superintendent of the hospital refused to re-

lease the patient from the hospital. Both men had been charged with having committed armed robbery against one Mr. Bob Stover.

We observe from the record the following transpired when the court denied defendant's motion, when counsel for defendant presented it:

"Mr. Hatch: May it please the Court, we apologize for being unable to present an affidavit, or some other proof, on the —from the doctor of Jackie Dean Brown, that he could or could not recover. Even if the doctor made such an affidavit, it would be speculative to a degree—it would be an educated guess. And we are asking the Court to take judicial knowledge of the fact—or judicial notice—of the fact that many people do recover from illness, and that if this cause could be put off until the next term, that the Court would have authority to refuse such a continuance, beyond the next term.

"By the Court: Very well. The Motion for continuance on the ground that a witness is absent will be overruled, and in overruling the motion, the Court will make this statement—that there is less than a guarantee that the witness will be able to testify if the matter were continued, without speculating whether he would or would not. It's just something we don't know about.

Second, and more important, as far the Court's ruling is concerned, is that this defendant had an opportunity to be tried in this court at a time when this, now absent witness, was present in the county jail of Bryan County, Oklahoma, and his testimony could have been secured. But he elected not to be tried.

Third, when the defendant, Baeza's, preliminary was held on March 15, 1968, this now absent witness was present and had an opportunity to testify at that time, and his testimony could have been secured, then, and if he was unable to appear, it could have been used today.

For those reasons, why the motion is overruled and exceptions allowed to the defendant.[11]

This Court has held on many occasions that the granting, or denial of a motion for continuance is directed to the sound discretion of the trial court, and unless it can be shown that such discretion was abused this Court will not interfere with the trial court's ruling. Thacker v. State, Okl.Cr., 309 P.2d 306 states in the fourth paragraph of its syllabus by this court as follows:

"An application for continuance on account of the absence of an alleged material witness is addressed to the sound discretion of a trial court and unless an abuse of discretion is shown the judgment will not be reversed."

In Wimple v. State, Okl.Cr., 397 P.2d 696, this court stated in the first paragraph of its syllabus:

"To justify a continuance the burden is on movant claiming illness of self, a witness or attorney, to make a proper showing, and whether the continuance should be granted depends on the circumstances, the determination of which rests in the sound discretion of the trial court."

We are of the opinion in this case the trial judge did not abuse his discretion when he denied the defendant's motion for continuance.

Further, this Court is authorized, and on many occasions has taken judicial notice of the records of other cases before the Court when such tends to shed light upon the case under consideration. In the appeal of Baeza v. State, Okl.Cr., 453 P.2d 268, which decision was rendered by this Court in 1969, the plaintiff in error was appealing a conviction from the District Court of Bryan County for the crime of perjury. The perjury charge arose from this defendant's testimony in the trial of his co-defendant, Jackie Dean Brown, for the same offense of armed robbery.

In the trial of Jackie Dean Brown, defendant in the instant case was sworn as a witness to testify in behalf of Brown. In

his testimony at that trial, defendant said in part, as follows (C. M. Brown v. State, No. A–15014, p. 47):

"* * * [I] just went on out the door and got the rifle out, and came back in through the door and pointed the gun at Bob Stover, and told him to open up the cash register. * * *"

Therefore, considering the record of defendant's trial in the instant case in conjunction with his sworn testimony in Brown's trial, we are of the opinion that he received a fair trial in accordance with due process of law. Consequently, finding no justifiable cause for interference with the jury's verdict, and the judgment and sentence of the trial court, the same is therefore affirmed.

Judgment and sentence affirmed.

BUSSEY, J., concurs.