Claude Lee **BAEZA**, Petitioner,

v.

The **STATE** of Oklahoma and Ray H. Page, Warden, Respondents.

No. A–17001.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1972.

Petitioner, Claude Lee Baeza, appealed from the denial of his Application for Post Conviction Relief in the District Court of Bryan County.

Claude Lee Baeza, pro se.

Larry Derryberry, Atty. Gen., Sondra Leah Fogley, Asst. Atty. Gen., for respondents.

DECISION

BRETT, Judge:

Petitioner, Claude Lee Baeza, filed an instrument in this Court, styled a Writ of Habeas Corpus, in which he is seeking his immediate release from the State Penitentiary, where he is presently serving one sentence of twenty (20) years for the offense of Robbery with Firearms, After Former Conviction of a Felony, and another sentence of fifteen (15) years for the offense of Perjury. Petitioner asserts that the four prior convictions used by the State at his trials, for the purpose of enhancing punishment, were invalid for the reason that he was not represented by counsel at any of those prior trials. Insofar as petitioner filed a Petition for Post Conviction Relief in the District Court of Bryan County, State of Oklahoma, Case No. C–71–155, which was denied by Order of that court on August 30, 1971, we are treating this Petition as an appeal from his denial of Post Conviction Relief.

On July 5, 1968, petitioner was convicted at a jury trial for the crime of Robbery with Firearms, Second and Subsequent Offense, and his punishment was fixed at twenty (20) years in the State Penitentiary. That conviction was appealed to this Court and was affirmed on April 9, 1969, and is reported as Baeza v. State, Okl.Cr., 453 P.2d 271 (1969). Thereafter, petitioner was also convicted on a charge of Perjury, After Former Conviction of a Felony, and was sentenced to serve fifteen (15) years imprisonment in the State Penitentiary, which was appealed to this Court and was affirmed on April 9, 1969, and is reported as Baeza v. State, Okl.Cr., 453 P.2d 268 (1969). In the instant matter petitioner challenges those two convictions. The Attorney General attached to his response to the Petition filed herein, a copy of the District Court Order denying petitioner's

application for Post Conviction Relief, and a copy of the docket sheet in each of the four prior convictions of which petitioner complains.

The docket sheet reflects that on November 16, 1950, petitioner appeared before Judge Sam Sullivan and entered a plea of guilty to three separate charges as follows, to-wit: In Case 3994, on a charge of Conjoint Robbery, petitioner was sentenced to serve ten (10) years; in Case 3978, on a charge of Assault with a Deadly Weapon, petitioner was sentenced to serve two (2) years; in Case 3979, on a charge of Assault with a Deadly Weapon, petitioner was sentenced to serve two (2) years; and, the sentences imposed in the two charges of Assault with a Deadly Weapon were made to run concurrently with the sentence of ten (10) years for the charge of Conjoint Robbery. Subsequently, on May 30, 1956, in Case No. 4326, petitioner was again convicted for the offense of Burglary in the Second Degree and was sentenced to serve five (5) years in the State Penitentiary. In each case the court minute reflects the following:

". . . the defendant, Claude Baeza, is present in open court. . . . and being advised by the court of his constitutional rights to counsel and trial by jury, waives said right and enters his plea of guilty to the crime of. . . ."

When petitioner stood trial on the 1969 charge of Robbery with Firearms, he testified in his own behalf; and his direct testimony commences at page 175 of the case-made. Petitioner admitted the four prior convictions, of which he now complains, without complaint concerning them at that time. At this time we find the proof provided by the State which shows that petitioner's constitutional rights to counsel and to a jury trial were explained to him by the trial judge, both of which he clearly waived. We therefore conclude that petitioner's bald assertion that he was denied counsel is without merit, and he has failed to sustain the allegations in his petition. See: Lamb v. State, Okl.Cr., 406 P.2d 1010

(1965); and Hanson v. State, Okl.Cr., 414 P.2d 718 (1966).

We are therefore of the opinion that the contentions set forth in the petition filed herein have not been sustained and are without merit; and that the relief sought by petitioner is hereby denied; and further, we find that petitioner has hereby exhausted his State remedies.

BUSSEY, P. J., and SIMMS, J., concur.