**James Edward ALLEN, Jr., Appellant,**

v.

**The STATE of Olahoma, Appellee.**

**No. A–17703.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1973.

Leslie R. Earl, Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., and Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, James Edward Allen, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–71–2379, for the offense of Robbery With Firearms, After Former Conviction of a

Felony. His punishment was fixed at fifteen (15) years imprisonment, and from said judgment and sentence, a timely appeal was perfected to this Court.

Because of the proposition asserted, we do not deem it necessary to recite a detailed statement of facts. Irene Sanders testified that she was employed as a clerk at the U-Tote M store on East 14th Street in Tulsa on December 19, 1971. At approximately 7:30 p. m., the defendant entered the store, produced a .38-caliber snub nose revolver and said, " 'Lady, this is a holdup.' " (Tr. 6) She gave the defendant Fifty Dollars ($50.00) and he ordered her to get down on the floor.

By agreement of the parties, the result of a polygraph test administered to the defendant was admitted into evidence. Officer Bob Horn testified that he administered a polygraph test to the defendant on March 16, 1972 and again on March 20, 1972. In both instances, Horn was of the opinion the defendant was being deceptive in his response to the relevant question concerning the robbery of the U-Tote M store.

Bill Reese Wilson, Jr. testified that he was with the defendant on the evening of December 19 and that the defendant did not go to the U-Tote M store.

■ The sole proposition asserts that the trial court erred in denying defendant's motion for continuance. The record reflects that at the conclusion of Wilson's testimony the following transpired:

"MR. SCOTT: Comes now the defendant and requests a continuance, and if the Court fails to give a continuance, requests a mistrial on the basis that we've had a witness present in court for two days. He was under subpoena. Subpoena had been served. That he was advised by a Tulsa police officer that he would be placed under arrest as soon as he completed his testimony, and said witness has now disappeared. He was a vital witness for the defense, the fact that he did provide an alibi.

"MR. KEATING: Your Honor, may the State be heard?

"THE COURT: Yes.

"MR. KEATING: On behalf of the State, it might be stated that when Mr. Scott's witness, Stewart Johnson, appeared in court, a police officer recognized him as a wanted fugitive. At that time in order to assure that he would not disappear from the courtroom and from the premises, advised him that an outside misdemeanor warrant had—was existing for him and that he was to testify and report to the officer following his testimony.

"The officer did not in any sense place him in custody, and following advice by this officer of the existence of the warrant, Mr. Johnson subsequently disappeared.

"The State will agree to a stipulation with defense counsel to the effect that Mr. Johnson will provide or attempt to provide an alibi for the defendant on December 19th and would apologize to the Court that the officer possibly inadvertently discovered a wanted fugitive and told him of the existence of the warrant before his testimony.

"It might be added further that the officer at no time took him to jail or attempted to place him in custody, and it is for that reason that he's no longer before the Court.

"MR. SCOTT: Your Honor, he was advised that as soon as he did testify he would be placed under arrest. And for that reason we move for a continuance, and if the Court fails to grant a continuance, we ask for a mistrial.

"THE COURT: You cannot assure me that if I gave you one he would be here?

"MR. SCOTT: No, sir, I cannot.

"THE COURT: Overruled." (Tr. 85–86)

We have consistently held that this Court will not reverse the judgment of the trial

court upon the ground that it refused to grant a continuance, unless it appears that such court had manifestly abused its discretion in refusing it. Watts v. State, Okl.Cr., 487 P.2d 981. We are of the opinion that the trial court did not abuse its discretion in overruling defendant's motion for a continuance. We first observe that defendant was unable to give any assurance that the missing witness would appear at a future date if a continuance was granted. See Baeza v. State, Okl.Cr., 453 P.2d 271. We next observe that the absent witness would have only provided cumulative evidence as to defendant's alibi. In White v. State, Okl.Cr., 458 P.2d 322, cert. denied, 397 U.S. 917, 90 S.Ct. 922, 25 L. Ed.2d 98, we stated:

"* * * This Court has held that it is not error to refuse a continuance sought so that a witness may be produced when the evidence sought to be admitted would be merely cumulative. * * *"

The judgment and sentence is, accordingly, affirmed.

BLISS, P. J., and BRETT, J., concur.