David BAKER, III, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–31.

Court of Criminal Appeals of Oklahoma.

Oct. 13, 1977.

John T. Elliott, Public Defender, John M. Stuart, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Cheryl Ramsey, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellant, David Baker III, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case

---

No. CRF–75–4616, with the offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony. The case was tried to a jury and a guilty verdict was returned. A sentence of two (2) years' imprisonment was thereafter assessed by the Court. From judgment and sentence defendant has perfected an appeal to this Court.

Inasmuch as we are reversing this case for a new trial, we deem it necessary to recite the facts only briefly. On November 28, 1975, D. David Farris and several friends were "bar hopping" in Oklahoma City. Farris had his father's car, a 1957 black and white Chevrolet. At about 11:30 Farris and his friends left the Player's Club and discovered that the car was missing. The police were notified. About a week later, on December 5th, Leona Farmer, the manager of a U-Tote M store, observed defendant pull a black and white 1957 Chevrolet into the parking lot of her store and drive it into a ditch. After trying unsuccessfully to extricate the car, defendant walked into the store and attempted to buy beer. The witness refused to sell him any because he was intoxicated so he left and once again tried to extricate the car. Again he was unsuccessful. Defendant then walked across the street and went into a club, the "Stripper's Playhouse." Ms. Farmer meanwhile called the police. When the police arrived, she told them of what she had observed. They went across the street to the Stripper's Playhouse where, after a fight on the sidewalk, they arrested defendant for "public drunk."

The next day, Patrolman James Burrow observed the Chevrolet in the ditch. He ran a check on it, which showed that the car was stolen. After speaking with Ms. Farmer, he drove to the Oklahoma City Jail and had a conversation with the defendant. When defendant stated that he had been driving the black and white Chevrolet the night before, he was rearrested for unauthorized use of a motor vehicle. When informed of the new charges defendant allegedly asked Officer Burrow if a person named "Ralph" had reported it stolen.

Defendant presented as witnesses his brothers Al and Cecil Baker. The substance of their testimony was that on the night defendant was arrested, there was a beer party at Al Baker's apartment. A man named Frank Davis came to the party, driving the black and white 1957 Chevrolet. At about 8:00 defendant started to go and get more beer, and Davis indicated to the defendant that he could use the Chevy. Subsequently, the defendant drove the car into the ditch, and defendant was arrested.

Defendant's first assignment of error is that the trial court erred in denying defendant's pretrial motion for a continuance. The motion for the continuance was based upon the following undisputed facts. The case as originally tried on March 17, 1976, ended in a mistrial due to the illness of a juror. The case was reset for trial on June 16. On June 16, Presiding Judge Parr assigned the case to Judge Epperson for trial. Defendant, his counsel and four witnesses, and counsel for the State, appeared before Judge Epperson, and the State moved for continuance on the grounds that its witnesses were not present. Judge Epperson granted the continuance, setting trial for August 31. Defense counsel agreed to the continuance after conferring with defendant and his witnesses, who stated that they would be able to return on that date. Thereafter defendant and his witnesses left the courthouse.

Later that afternoon, Judge Parr informed defense counsel that Judge Epperson had no power to continue the matter, and trial was rescheduled for June 21st, a Monday. On that date defense counsel informed Judge Parr that he was having difficulty contacting defendant's witnesses, and the judge granted a continuance until the next day. On the next day, June 22nd, at 1:30 the case was set for trial before Judge Carmon Harris. Defendant at that time moved for the continuance which is the subject of this assignment of error, relating the occurrences as discussed above to Judge Harris. The State had its witnesses present, and opposed any further continuance. Judge Harris overruled defendant's

motion for continuance and ordered the trial to proceed.

At trial defendant presented only two witnesses, his brothers. Charles Hensley and Benjamine Preacher, who had appeared with defendant on June 16th, ready to testify, could not be located by the 22nd, and did not appear. Defendant filed an affidavit stating the substance of what Hensley and Preacher would testify to:

> "That they both knew a white male in his early twenties who for approximately one week or ten days prior to the defendant's arrest had been driving and trying to sell the automobile in question (1957 4-door Chevrolet sedan); said white male being known to them as one Frank Davis;
> "That said Charles Hensley and Benjamine Preacher would further testify they saw said Frank Davis loan to the defendant the automobile in question on the night of the defendant's arrest."

The State strongly urges that the substance of this evidence was presented to the jury through the testimony of defendant's brothers, and that therefore there was no error in refusing the continuance inasmuch as the testimony of Preacher and Hensley would be merely cumulative. See, *Allen v. State*, Okl.Cr., 507 P.2d 606 (1973).

However, we are of the opinion that the denial of the continuance under the facts of this case constituted an abuse of discretion, the effect of which was to prevent defendant from presenting witnesses in his own behalf, right guaranteed by Article II, § 20 of the Oklahoma Constitution, and by the Sixth Amendment to the United States Constitution. For the foregoing reasons the judgment and sentence is REVERSED AND REMANDED FOR NEW TRIAL.

BUSSEY, P. J., specially concurs.

BUSSEY, Presiding Judge, specially concurring:

Had not the State secured a continuance contrary to the rules of the District Court, Oklahoma County, inducing counsel for the defense to release the two witnesses, I could in good conscience affirm the action of the trial court in denying the defendant's motion for continuance, and treat the testimony of the two missing witnesses as merely cumulative. Under the unique circumstances of this case I must agree with my colleague, Judge Brett. The error committed was in granting the State's motion for continuance and then vacating that action after the defense had released its witnesses.